No. 22-1862

_____

# United States Court of Appeals For the First Circuit

_____

ANTHONY D. GULLUNI,
District Attorney for Hampden County,
in his official capacity,
*Plaintiff-Appellant,*

v.

RACHAEL SPLAINE ROLLINS,
United States Attorney
for the District of Massachusetts,
*Defendant-Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

**BRIEF OF *AMICI CURIAE*
THE COMMITTEE FOR PUBLIC COUNSEL SERVICES AND
HAMPDEN COUNTY LAWYERS FOR JUSTICE
IN SUPPORT OF NEITHER PARTY**

_____

Matthew R. Segal (No. 1151872)
Jessica J. Lewis (No. 1207264)
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF MASSACHUSETTS,
 INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
msegal@aclum.org
jlewis@aclum.org

Rebecca A. Jacobstein (No. 1136853)
COMMITTEE FOR PUBLIC COUNSEL
 SERVICES
75 Federal Street, 6th Floor
Boston, MA 02110
(617) 482-6212
rjacobstein@publiccounsel.net

# TABLE OF CONTENTS

Table of Authorities ................................................................................ ii

Corporate Disclosure Statement .......................................................... iv

Introduction and Summary ..................................................................... 1

Interests of *Amici Curiae* ....................................................................... 3

Background ................................................................................................. 3

   I.   The Springfield Police Department's alleged misconduct ............................ 4

   II.   The HCDAO's dealings with the DOJ and the City of Springfield in the wake of the DOJ Report ........................................................................ 5

   III.   The *Graham* litigation ................................................................................ 7

      A.   HCDAO and SPD actions following the filing of *Graham* ...................... 7

      B.   Current status of the *Graham* litigation ..................................................... 8

Argument ..................................................................................................... 10

   I.   Criminal defendants benefit from pattern-or-practice investigations and would substantially benefit from the disclosure of the documents at issue here, but that disclosure would not satisfy the HCDAO's legal obligations to discover and disclose all evidence of SPD misconduct. .................................................................................................... 10

      A.   DOJ investigations and consent decrees result in positive change. ......... 10

      B.   Access to evidence concerning police misconduct is vitally important to criminal defendants in Hampden County. ................................................ 13

   II.   This Court should avoid issues beyond the administrative record that are more properly left to the SJC. ................................................................. 15

Conclusion ................................................................................................... 18

Certificate of Compliance ....................................................................... 20

## TABLE OF AUTHORITIES

### CASES

*Bath Mem'l Hosp. v. Maine Health Care Fin. Comm'n*,
    853 F.2d 1007 (1st Cir. 1988) ............................................................16

*Brady v. Maryland*,
    373 U.S. 83 (1963) ...........................................................................13

*Camp v. Pitts*,
    411 U.S. 138 (1973) .........................................................................15

*City of Taunton, Massachusetts v. U.S. Env't Prot. Agency*,
    895 F.3d 120 (1st Cir. 2018) ...............................................................15

*Commonwealth v. Adjutant*,
    443 Mass. 649, 824 N.E.2d 1 (2005) .................................................15

*Commonwealth v. Cotto*,
    471 Mass. 97, 27 N.E.3d 1213 (2015) ...............................................12

*Currie v. Grp. Ins. Comm'n*,
    290 F.3d 1 (1st Cir. 2002) ...................................................................16

*D.R. v. Bigda*,
    No. 3:20-cv-30085 (D. Mass. Oct. 1, 2021) .........................................6

*E.I. Du Pont de Nemours & Co. v. Cullen*,
    791 F.2d 5 (1st Cir. 1986) ...................................................................4

*Franks v. Delaware*,
    438 U.S. 154 (1978) .........................................................................14

*Giglio v. United States*,
    405 U.S. 150 (1972) .........................................................................13

*Gomez v. Rivera Rodriguez*,
    344 F.3d 103, 118 (1st Cir. 2003) .....................................................16

*Graham v. Dist. Att'y for Hampden Cnty.*, SJ-2021-0129 (Mass. *docketed* Apr. 6,
    2021), *reserved and reported*, SJC-13386 (Mass. Jan. 30, 2023) .............. *passim*

*Haley v. City of Boston*,
    657 F.3d 39 (1st Cir. 2011) ...................................................................2

*Kyles v. Whitley*,
    514 U.S. 419 (1995) ...........................................................................2

*López v. Massachusetts*,
    480 F.3d 591 (1st Cir. 2007) ...............................................................13

*Maher v. Hyde*,
    272 F.3d 83 (1st Cir. 2001) ....................................................................4

*Matter of Grand Jury Investigation*,
    485 Mass. 641, 152 N.E.3d 65 (2020) .................................................14

*NLRB v. Gass*,
    377 F.2d 438 (1st Cir. 1967) .................................................................18

*Patriot Cinemas, Inc. v. Gen. Cinemas Corp.*,
    834 F.2d 208 (1st Cir. 1987) .................................................................16

*United Books, Inc. v. Conte*,
    739 F.2d 30 (1st Cir. 1984) ...................................................................18

*United States v. Bagley*,
    473 U.S. 667 (1985) ..............................................................................13

*United States v. González-González*,
    258 F.3d 16 (1st Cir. 2001) ...................................................................14

*United States v. Osorio*,
    929 F.2d 753 (1st Cir. 1991) .................................................................13

## STATUTES

Mass. Gen. Laws c. 211D, §§ 1, 5, 6 .........................................................3

## OTHER AUTHORITIES

Christopher Stone, et al., Harvard Kennedy Sch., *Policing Los Angeles Under a Consent Decree: The Dynamics of Change at the LAPD* 68 (2009) ...................11

Christy E. Lopez, *DOJ Police Pattern-or-Practice Investigations*, Crim. Just., Spring 2022 ............................................................................................4

Police Executive Research Forum, *Civil Rights Investigations of Local Police: Lessons Learned* 5 (2013) .....................................................................12

## RULES

Fed. R. App. P. 29(a)(2) ............................................................................3

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Local Rule 26.1, the *amici curiae* certify that they do not have parent corporations and that no publicly held corporation owns 10% or more of their stock.

## INTRODUCTION AND SUMMARY

Systemic misconduct by police officers should be promptly disclosed to criminal defendants who are prosecuted with the help of those officers. The misconduct should not, instead, be kept under wraps while government agencies engage in protracted finger-pointing about precisely whose job it is to disclose it. Yet that is the situation in Springfield, Massachusetts.

In July 2020, a U.S. Department of Justice report (DOJ Report) alleged a pattern or practice of excessive force by Springfield Police Department (SPD) Narcotics Bureau officers and cited substantial evidence that these officers wrote false, vague, or misleading reports to hide that force. R.A. 90–117. In short, officers hit people, lied about it, and helped prosecute people they hit and lied about. The documents underlying the DOJ Report reside, as a matter of either fact or law, with three entities: the City of Springfield, the DOJ, and the Hampden County District Attorney's Office (HCDAO). The City has the documents as a matter of fact because it acquired them as its officers committed the alleged misconduct. The DOJ has the documents as a matter of fact because it acquired them while investigating the SPD. And the HCDAO has the documents as a matter of law because, by using SPD officers to prosecute people, it assumed the duty to learn of, obtain, and disclose exculpatory evidence possessed by those officers—even if that evidence is "known

1

only to [those] police officers." *Haley v. City of Boston*, 657 F.3d 39, 49 (1st Cir. 2011) (*citing Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995)).

In May 2021, the HCDAO sued the DOJ (but not the City) to obtain some (but not all) of the SPD documents upon which the DOJ relied to make its conclusions. The district court granted summary judgment to the DOJ. The HCDAO appeals, claiming that "fail[ing] to obtain this exculpatory evidence would be contrary to the constitutional rights of an untold number of defendants." HCDAO Op. Br. 14.

Amici agree. They are the Committee for Public Counsel Services (CPCS) and Hampden County Lawyers for Justice (HCLJ), organizations responsible for representing criminal defendants who have a constitutional right to evidence of SPD officer misconduct. Amici submit this brief to make two points. First, the documents at issue here, as well as DOJ pattern-or-practice investigations more broadly, are vitally important to criminal defendants. Second, this Court should avoid pronouncements that go beyond the narrow issues and administrative record in this case, given the existence of pending state litigation, in which amici are petitioners, alleging that the HCDAO has not met its legal obligations to learn of and acquire potentially exculpatory evidence from the SPD, and to disclose that evidence to criminal defendants. *See Graham v. Dist. Att'y for Hampden Cnty.*, SJ-2021-0129 (Mass. *docketed* Apr. 6, 2021), *reserved and reported*, SJC-13386 (Mass. Jan. 30, 2023) (hereinafter "*Graham*") (CPCS Add. 1–10).

## INTERESTS OF *AMICI CURIAE*[1]

Amici are indigent defense providers that protect the rights of Massachusetts criminal defendants. CPCS is a statutorily created Massachusetts agency whose responsibility is "to plan, oversee, and coordinate the delivery" of legal services to certain indigent litigants, including those charged with crimes. Mass. Gen. Laws c. 211D, §§ 1, 5, 6. HCLJ administers the bar advocate program in Hampden County by providing private counsel to indigent defendants through a contract with CPCS. Both amici are petitioners in *Graham*, a state case against the HCDAO alleging the under-investigation and under-disclosure of SPD misconduct. Amici have an interest in this case because this Court's decision may implicate the evidence available to Massachusetts criminal defendants.

## BACKGROUND

Many years after SPD officers began committing the misconduct alleged in the July 2020 DOJ Report, and nearly three years after the Report's issuance, criminal defendants in Hampden County, Massachusetts still lack access to all relevant exculpatory evidence regarding the officers involved in their prosecutions. In explaining how this situation has unfolded, amici rely on proceedings in *Graham*,

---

[1] No party's counsel authored this brief in whole or in part. No party or party's counsel contributed money that was intended to fund the preparation or submission of this brief. Only *amici*, their members or their counsel contributed money that was intended to fund the preparation or submission of this brief. *Amici* submit this brief with the parties' consent. *See* Fed. R. App. P. 29(a)(2), (a)(4)(E).

as well as other records of which this Court may take judicial notice. *Maher v. Hyde*, 272 F.3d 83, 86 n.3 (1st Cir. 2001); *E.I. Du Pont de Nemours & Co. v. Cullen*, 791 F.2d 5, 7 (1st Cir. 1986).

## I.     The Springfield Police Department's alleged misconduct

The DOJ Report concluded that, based on records created between 2013 and 2019, SPD Narcotics Bureau officers had engaged in a pattern or practice of excessive force that included unnecessarily and repeatedly striking people in the face. R.A. 91; *see* U.S. Dep't Just., Civ. Rts. Div. & U.S. Att'y's Off., Dist. of Mass., *Investigation of the Springfield, Massachusetts Police Department's Narcotics Bureau* (2020). Relying in part on inconsistencies between SPD reports and visual evidence, the DOJ Report also cited "substantial evidence" that Narcotics Bureau officers failed to report uses of force or submitted vague, misleading, or false reports to conceal their uses of force. R.A. 105.

This was the DOJ's only pattern-or-practice investigation of a police department during the Trump administration. *See* Christy E. Lopez, *DOJ Police Pattern-or-Practice Investigations*, Crim. Just., Spring 2022, at 34, 36. While the DOJ Report cites some examples of misconduct, *see* HCDAO Add. 27, it also "suggest[s] that there are additional instances of unreasonable force that [DOJ was] not able accurately to assess." R.A. 105.

4

II.    **The HCDAO's dealings with the DOJ and the City of Springfield in the wake of the DOJ Report**

Until August 2022, the HCDAO had no formal policy regarding its obligations to disclose exculpatory information. CPCS Add. 13. It was not until the release of the DOJ Report that the HCDAO recognized it had a legal duty to identify "false or falsified SPD reports and review them to determine [its] discovery obligations" to criminal defendants. R.A. 10, ¶ 31.[2] But the HCDAO's pursuit of SPD documents has been more aggressive against the DOJ, which investigated the SPD misconduct, than against the SPD, which committed the alleged misconduct.

On July 20, 2020, following the release of the DOJ Report, the HCDAO orally asked the DOJ for some of the SPD documents on which the DOJ Report relied—namely, documents underlying the DOJ's finding that officers submitted false or falsified reports. R.A. 10–11; HCDAO Add. 27–28. On August 6, 2020, the DOJ refused that request and told the HCDAO to seek the documents directly from the SPD. R.A. 11–12. That same day, CPCS and the ACLU of Massachusetts wrote the HCDAO to raise concerns about its response to SPD misconduct, including the DOJ Report's conclusions, particularly because the HCDAO "ha[d] access to the same [SPD] information" that the DOJ had reviewed. CPCS Add. 12.

---

[2] The HCDAO does not appear to have acknowledged its obligation to identify and review SPD documents reflecting excessive force.

The HCDAO did not, at that time, seek documents from the SPD. Instead, on August 19, it made a *Touhy* request to the USAO. HCDAO Add. 28. On October 21, 2020, the USAO denied the *Touhy* request and again urged the HCDAO to seek records from the SPD. HCDAO Add. 29; R.A. 124.

The City of Springfield, meanwhile, had already compiled documents concerning some of the incidents described in the DOJ Report. According to the City, SPD Deputy Chief Steven Kent used SPD records to prepare a document, dated October 2, 2020, identifying some of the incidents mentioned in the DOJ Report. *See* City of Springfield's Opposition to Plaintiff's Motion to Compel at 2, *D.R. v. Bigda*, No. 3:20-cv-30085 (D. Mass. Oct. 1, 2021), ECF No. 61, CPCS Add. 17 (identifying date of Kent's written document); R.A. 63–64, 75, 87.

In December 2020, nearly five months after the DOJ Report, the HCDAO for the first time requested records from the SPD. R.A. 20, ¶ 68. The HCDAO requested "the 'false' or 'falsified'" SPD reports as identified by the DOJ; it did not request documents concerning excessive force. *See* R.A. 20, ¶ 69. The HCDAO and the City subsequently engaged in additional communications referencing documents associated with Kent's work, R.A. 87, but the HCDAO did not secure delivery of "any documents" from the SPD before amici and others filed the *Graham* lawsuit. R.A. 21, ¶ 74.

### III.    The *Graham* litigation

In April 2021, amici and others filed *Graham* in the Supreme Judicial Court for Suffolk County, also known as the "Single Justice" court. Dkt. 2, *Graham*, SJ-2021-0129, CPCS Add. 2. The petition alleged the under-investigation and under-disclosure of SPD misconduct, particularly in the wake of the DOJ Report. It asked the court to recognize a duty on the part of the Commonwealth to investigate SPD misconduct and to ensure that the HCDAO discloses potentially exculpatory evidence possessed by the SPD and for which, as the HCDAO acknowledges, *see* HCDAO Op. Br. 13, the HCDAO is responsible as a matter of law. *See* Interim Order, Dkt. 43, *Graham*, SJ-2021-0129, CPCS Add. 4 (describing relief requested in petition).

#### A.    HCDAO and SPD actions following the filing of *Graham*

In May 2021, a month after *Graham* was filed, the HCDAO filed this federal litigation. R.A. 2. Despite having received no documents from the City or the SPD, R.A. 21, the HCDAO did not initiate any proceedings against them.

On June 16, 2021, the Single Justice in *Graham* calendared a hearing for July 14, 2021. Dkt. 41, *Graham*, SJ-2021-0129, CPCS Add. 3. On July 2, 2021, the City gave the HCDAO records that SPD Deputy Chief Kent used when preparing the document he had written in October 2020, roughly eight months earlier. R.A. 75; CPCS Add. 17. In so doing, the City stressed that the documents "are not exhaustive

as to each incident." *Id.*; *see also* R.A. 88 (reiterating that "the records are by no means exhaustive"). To this day, those non-exhaustive records comprise the HCDAO's only disclosures arising from the DOJ Report. The HCDAO has conceded that these non-exhaustive disclosures are proceeding "without confidence" that they are comprehensive. R.A. 176.

A recent news report may shed light on why the Kent-based disclosures are incomplete. Reportedly, far from accepting the DOJ Report as a truthful or even plausible account of SPD misconduct, Kent called his document a "Rebuttal to the [DOJ] Investigation."[3] The City has refused to disclose the Kent Rebuttal itself, claiming that it is protected by the work-product doctrine. R.A. 87–88; CPCS Add. 16-20. The City offered to make Kent available to the HCDAO "to provide information as to his methodology," R.A. 88, but amici are unaware of any evidence that the HCDAO has taken the City up on this offer or filed any motion or other legal action for the stated purpose of obtaining the Kent Rebuttal.

### B.    Current status of the *Graham* litigation

In April 2022, the Single Justice in *Graham* referred the matter to a Special Master. *See* Dkt. 73, *Graham*, SJ-2021-0129, CPCS Add. 6. In October 2022,

---

[3] Stephanie Barry, *SJC to Hear ACLU Lawsuit Against Hampden District Attorney's Office Over Evidence Handling*, MASSLIVE (Feb. 1, 2023), www.masslive.com/news/2023/02/sjc-to-hear-aclu-lawsuit-against-hampden-district-attorneys-office-over-evidence-handling.html.

following evidentiary hearings, the Special Master issued a report with certain proposed factual findings. *See* Dkt. 109, *Graham*, SJ-2021-0129, CPCS Add. 9. In January 2023, without endorsing the Special Master's report, the Single Justice "reserved and reported" the case to the full Supreme Judicial Court (SJC) for briefing and argument. Dkt. 123, *Graham*, SJ-2021-0129, CPCS Add. 10. The SJC subsequently solicited amicus briefs on four legal questions:

> (1) Whether the DOJ report, together with other evidence of misconduct by the SPD, triggered the Commonwealth's duty to investigate and, if so, what that duty entails;

> (2) When a police department has been alleged by an investigating agency to have engaged in a pattern or practice of misconduct, what evidentiary disclosures a State prosecutor must make in order to satisfy the state law duty to learn of and disclose to a defendant any exculpatory evidence that is held by agents of the prosecution team in matters involving that police department;

> (3) What obligations the prosecution has when a police department declines to turn over exculpatory evidence concerning police officers who are members of prosecution teams; and

> (4) Whether each of the petitioners has standing to bring this case and invoke the court's superintendence power.

Dkt. 2, *Graham*, SJC-13386, CPCS Add. 15.

9

## ARGUMENT

**I.    Criminal defendants benefit from pattern-or-practice investigations and would substantially benefit from the disclosure of the documents at issue here, but that disclosure would not satisfy the HCDAO's legal obligations to discover and disclose all evidence of SPD misconduct.**

Department of Justice pattern-or-practice investigations help ensure that local police departments comply with constitutional directives. These investigations can be particularly useful where the relevant prosecuting agency has largely ignored red flags regarding the police department's conduct. Thus, it is critically important to criminal defendants that the DOJ obtain the information necessary to conduct meaningful reviews. At the same time, where the DOJ finds misconduct implicating defendants' due process rights, as it did in Springfield, defendants have a right—and a need—to the comprehensive disclosure of that misconduct.

Amici agree with the District Attorney that the pervasive misconduct by the SPD may impact thousands of cases and that the failure to obtain this exculpatory evidence violates the constitutional rights of criminal defendants. *See* HCDAO Op. Br. 14. Sadly, that failure will persist no matter how this Court resolves this case because the documents at issue here represent only a subset of the SPD documents to which defendants are entitled.

### A.    DOJ investigations and consent decrees result in positive change.

People represented by CPCS and HCLJ lawyers, as well as their communities, can benefit from DOJ investigations of potentially unconstitutional policing

10

practices. "[J]urisdictions that have been subjected to [DOJ-initiated] consent decrees experience decreases in violent crime, police use of force generally, and police shootings." Lopez, *supra*, at 40.

For example, researchers at the Harvard Kennedy School found that a consent decree governing the Los Angeles Police Department led to a "staggering scale of change." Christopher Stone, et al., Program in Crim. Just. Pol'y & Mgmt., Harvard Kennedy Sch., *Policing Los Angeles Under a Consent Decree: The Dynamics of Change at the LAPD* 68 (Working Paper Series, May 2009).[4] According to their research, as a result of the consent decree, public satisfaction increased, police use of serious force diminished, and serious crime declined. *Id.* at i–ii. Likewise, a comprehensive review of the Metropolitan Police Department in Washington, D.C., concluded that, even after the agency's legal obligations under its Memorandum of Agreement with DOJ had been terminated, the agency continued to "successfully reduc[e] its use of the most serious types of force, including firearms." Off. of the D.C. Auditor, *The Durability of Police Reform: The Metropolitan Police Department and Use of Force: 2008-2015* 114 (2016).[5]

---

[4] Available at https://www.hks.harvard.edu/publications/policing-los-angeles-under-consent-decree-dynamics-change-lapd.

[5]   Available   at   https://dcauditor.org/report/the-durability-of-police-reform-the-metropolitan-police-department-and-use-of-force-2008-2015/.

Another tangible benefit of DOJ investigations is that "DOJ decrees universally require the collection and sharing of data that facilitate broader understanding of—and ability to challenge—police practices." Lopez, *supra*, at 41. This appears to be particularly important in Springfield where there have been "systemic deficiencies in policies, accountability systems, and training." R.A. 91. However, the DOJ's role is limited, and it does not investigate individual incidents. Police Executive Research Forum, *Civil Rights Investigations of Local Police: Lessons Learned* 5 (2013).[6]

Nevertheless, DOJ reports about police misconduct put the local prosecuting agency on notice of the likely existence of exculpatory information requiring investigation and disclosure. *See, e.g.*, *Commonwealth v. Cotto*, 471 Mass. 97, 111–112, 27 N.E.3d 1213, 1225 (2015) (concluding the Commonwealth had duty to investigate following the revelation of eight cases of misconduct, and noting, "[i]t goes without saying that eight cases are eight cases too many").

---

[6] Available at https://www.policeforum.org/assets/docs/Critical_Issues_Series/civil%20rights%20investigations%20of%20local%20police%20-%20lessons%20learned%202013.pdf.

**B.    Access to evidence concerning police misconduct is vitally important to criminal defendants in Hampden County.**

The HCDAO correctly notes that the defendants it prosecutes have a constitutional right to the evidence at issue here. HCDAO Op. Br. 13, 16. That is true for at least two reasons.

First, evidence concerning prior misconduct by government witnesses is always important to criminal defendants. "[I]f disclosed and used effectively, it may make the difference between conviction and acquittal." *United States v. Bagley*, 473 U.S. 667, 676 (1985). Thus, for over 50 years, the Supreme Court has unequivocally held that evidence bearing on witness credibility is exculpatory and must be disclosed. *Id.* ("Impeachment evidence . . . falls within the *Brady* rule." (*citing Brady v. Maryland*, 373 U.S. 83 (1963))); *see also Giglio v. United States*, 405 U.S. 150, 154 (1972) (government must turn over evidence affecting credibility).

A defendant's constitutional right to evidence bearing on the credibility of government witnesses has never been limited to evidence of misconduct committed against the defendant himself. Instead, this Court's precedent clearly states that a government attorney "using a witness with an impeachable past"—including an "impeachable past" not involving the defendant presently being prosecuted—"has a constitutionally derived duty to search for and produce impeachment information." *United States v. Osorio*, 929 F.2d 753, 761 (1st Cir. 1991); *see also López v. Massachusetts*, 480 F.3d 591, 594 (1st Cir. 2007) ("[T]he prosecutor has a duty to

make available to the defense exculpatory evidence, including evidence useful for impeachment."); *United States v. González-González*, 258 F.3d 16, 24 n.3 (1st Cir. 2001) ("A criminal defendant is entitled to exculpatory evidence, including impeachment evidence, in the government's possession, and is not expected to take the government at its word as to the materiality of that evidence.").

Thus, contrary to the HCDAO's suggestion (HCDAO Op. Br. 13-14), when the SJC noted in 2020 that prosecutors must disclose evidence "that a police officer lied to conceal the unlawful use of excessive force, whether by him- or herself or another officer," this was not an expansion of prosecutorial duties but rather a reiteration of them. *See Matter of Grand Jury Investigation*, 485 Mass. 641, 658, 152 N.E.3d 65, 82 (2020).

Second, in Massachusetts, evidence of excessive force and police dishonesty may be used in many ways. The SJC noted that "[c]oncealing police brutality against an arrestee, whether by the officer or a fellow officer, or making false statements that might lead to an unjust conviction are for law enforcement officers the equivalent of high crimes and misdemeanors," and are likely admissible where credibility is at issue. *Id.* at 652, 152 N.E.3d at 78. Proof of false reporting may also be relevant to a threshold showing for a *Franks* hearing. *See Franks v. Delaware*, 438 U.S. 154 (1978). Moreover, evidence of excessive force may be admissible

substantively in certain types of cases pursuant to *Commonwealth v. Adjutant*, 443 Mass. 649, 824 N.E.2d 1 (2005).

Yet the HCDAO has asked the DOJ for only a subset of the exculpatory evidence described in the DOJ Report—namely, documents relating to false reporting but not those relating to excessive force. And the DOJ Report, in turn, indicates that it may have identified only a subset of the exculpatory information possessed by the SPD. Accordingly, no matter how this Court resolves this litigation, the HCDAO will still have an outstanding duty to pursue additional exculpatory evidence from the SPD.

## II.    This Court should avoid issues beyond the administrative record that are more properly left to the SJC.

When reviewing agency decisions under the Administrative Procedure Act, courts focus on "the administrative record already in existence" at the time of the decision. *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam); *see also City of Taunton, Massachusetts v. U.S. Env't Prot. Agency*, 895 F.3d 120, 127 (1st Cir. 2018). The agency decision in this case occurred in October 2020. R.A. 121–127. Yet, in challenging that decision, and in asserting standing to vindicate the rights of criminal defendants, the HCDAO makes claims about interactions with the City of Springfield that occurred after October 2020. *See, e.g.*, R.A. 20–21. The HCDAO may well be entitled to the contested documents, but it is not entitled to have this Court say—particularly without the benefit of the record in *Graham*—that the

HCDAO has championed the very people it is prosecuting. To the contrary, opining on such contested facts would go beyond the record that was before the DOJ in October 2020, and would risk entangling this Court with issues more appropriately left to the SJC in *Graham*.

"Courts ought not to decide difficult, highly nuanced issues unnecessarily." *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 118 (1st Cir. 2003). Caution is especially warranted when this Court's pronouncements could bear on issues being litigated in other courts. *Cf. Currie v. Grp. Ins. Comm'n*, 290 F.3d 1, 11, 13 (1st Cir. 2002) (staying litigation where the state case "contains a far more appropriate record on which to decide the question"); *Bath Mem'l Hosp. v. Maine Health Care Fin. Comm'n*, 853 F.2d 1007, 1013 (1st Cir. 1988) ("A federal court, by refusing to decide a particular question, may avoid having to enjoin or interfere with a specially important state [judicial] proceeding."). The Court is also sensitive to efforts by litigants to advance "contradictory positions before different tribunals," because such gamesmanship can impair "the integrity and efficacy of the courts." *Patriot Cinemas, Inc. v. Gen. Cinemas Corp.*, 834 F.2d 208, 212, 214 (1st Cir. 1987).

Here, those principles counsel against addressing questions that are before the SJC in *Graham*, including what the HCDAO has done or not done to obtain potentially exculpatory evidence directly from the SPD. For example, in disputing the district court's finding that "the availability of the requested materials from SPD

undermines [the HCDAO's] substantial need" for those materials, the HCDAO broadly asserts that "neither the HCDAO nor the SPD can even determine which . . . documents the DOJ reviewed[.]" HCDAO Op. Br. 23. That assertion goes well beyond the four documents in the administrative record, R.A. 118–42, and its accuracy is in doubt. In making that assertion, the HCDAO does not mention that the Kent Rebuttal had identified numerous incidents from the DOJ Report by October 2020; that the documents pertaining to those incidents were held by the SPD but withheld from criminal defendants until after amici filed *Graham*; or that Kent's Rebuttal is still being withheld today. Nor does the HCDAO explain how the SPD could know that its disclosures have been "by no means exhaustive," R.A. 88, unless the SPD has some inkling as to what additional disclosures *would be exhaustive*. Those issues, and others, are best left to the SJC.

Similarly, in seeking SPD documents from the DOJ, the HCDAO asserts that it "lacks both the resources and the authority" to investigate SPD misconduct. HCDAO Op. Br. 24. But while any future investigation of the SPD should ideally build on rather than merely "duplicate efforts" undertaken by the DOJ, *id.*, this Court is not well-positioned to say whether the HCDAO or any other Massachusetts agency has the capacity or authority to undertake such an investigation. In *Graham*, the SJC is set to decide that very question. *See* Amicus Announcement, Dkt. 2, *Graham*, SJC-13386, CPCS Add. 15; *cf. United Books, Inc. v. Conte*, 739 F.2d 30,

17

33 (1st Cir. 1984) (upholding federal court's denial of injunctive or declaratory relief that would interfere with issues central to ongoing state appeal).

Finally, the HCDAO's arguments in this case, where it "assert[s] the constitutional rights of others," HCDAO Op. Br. 10, are in considerable tension with its arguments in *Graham*, where it has opposed those "others" at every turn. In *Graham*, not only has the HCDAO failed to concede that its own failure to acquire and disclose all exculpatory evidence in the SPD's possession is "contrary to the constitutional right[s] of an untold number of defendants," *id.* at 14, it has refused to accept that the petitioners have standing. *See* Dkt. 123, *Graham*, SJ-2021-0129, CPCS Add. 10 (listing standing among the "Contested Material Legal Issues"). That is all the more reason for this Court to avoid any pronouncements that could be construed as taking a position on the HCDAO's efforts to obtain potentially exculpatory evidence from the SPD itself, and to fulfill its legal obligations to the very people whose rights it asserts here. *Cf. NLRB v. Gass*, 377 F.2d 438, 442 (1st Cir. 1967) (taking judicial notice of party's position in another proceeding).

## CONCLUSION

Amici respectfully request that, as the Court weighs the important issues in this case, it consider both the legal rights of criminal defendants and the existence of pending state court litigation concerning those rights.

18

Date: March 16, 2023

Respectfully submitted,

/s/ *Jessica J. Lewis*
Matthew R. Segal (No. 1151872)
Jessica J. Lewis (No. 1207264)
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF MASSACHUSETTS,
 INC.
One Center Plaza, Suite 850
Boston, MA 02108
(617) 482-3170
msegal@aclum.org
jlewis@aclum.org

/s/ *Rebecca A. Jacobstein*
Rebecca A. Jacobstein (No. 1136853)
COMMITTEE FOR PUBLIC COUNSEL
 SERVICES
75 Federal Street
6th Floor
Boston, MA 02110
(617) 482-6212
rjacobstein@publiccounsel.net

*Counsel for amicus curiae Hampden County Lawyers for Justice*

*Counsel for amicus curiae Committee for Public Counsel Services*

19

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) because, excluding parts of the brief exempted by Fed. R. App. P. 32(f), this document contains 4,122 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word with Times New Roman font in 14-point type.

Dated: March 16, 2023              */s/ Jessica J. Lewis*
                                   Jessica J. Lewis

# ADDENDUM

**ADDENDUM TO BRIEF OF *AMICI CURIAE***
**THE COMMITTEE FOR PUBLIC COUNSEL SERVICES AND**
**HAMPDEN COUNTY LAWYERS FOR JUSTICE**

**TABLE OF CONTENTS**

*Page*

Docket, *Graham v. Dist. Att'y for Hampden Cnty.*, No. SJ-2021-0129
    (Mass. *reserved and reported* Jan. 30, 2023) ...............................CPCS Add. 001

Report of Special Master (Excerpts), *Graham v. Dist. Att'y for Hampden Cnty.*,
    No. SJ-2021-0129 (Mass. Oct. 18, 2022) (No. 118).........................CPCS Add. 011

Docket, *Graham v. Dist. Att'y for Hampden Cnty.*, No. SJC-13386
    (Mass. *appeal docketed* Jan. 30, 2023)..................................................CPCS Add. 014

City of Springfield's Opposition to Plaintiff's Motion to Compel,
    *D.R. v. Bigda*, No. 3:20-cv-30085 (D. Mass. Oct. 1, 2021)
    ECF No. 61.......................................................................................CPCS Add. 016

## SUPREME JUDICIAL COURT
### for Suffolk County
### Case Docket

### GRAHAM & OTHERS v. DISTRICT ATTORNEY FOR HAMPDEN COUNTY
### THIS CASE CONTAINS IMPOUNDED MATERIAL OR PID
### SJ-2021-0129

| CASE HEADER | | | |
|---|---|---|---|
| Case Status | Reserved and Reported to the Full Court | Status Date | 01/30/2023 |
| Nature | Superintendence c 211 s 3 | Entry Date | 04/06/2021 |
| Sub-Nature | Administration of Justice | Single Justice | Wendlandt, J. |
| TC Ruling | | TC Ruling Date | |
| SJ Ruling | | TC Number | |
| Pet Role Below | | Full Ct Number | SJC-13386 |
| Lower Court | | Lower Ct Judge | |

| ADDITIONAL INFORMATION |
|---|
| <b>PAPER NOS. 5 & 28 (USB Flash Drives) ARE LOCATED IN ENVELOPE ON LEFT SIDE OF CASE FILE.</b> |

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| **Chris Graham**<br>Petitioner | Martin M. Fantozzi, Esquire<br>Matthew Horvitz, Esquire<br>Abigail Fletes, Esquire<br>Matthew Segal, Esquire<br>Jessica Lewis, Esquire<br>Daniel Louis McFadden, Esquire<br>William C. Newman, Esquire<br>Somil Trivedi, Pro Hac Vice Attorney - Withdrawn |
| **Jorge Lopez**<br>Petitioner | Martin M. Fantozzi, Esquire<br>Matthew Horvitz, Esquire<br>Abigail Fletes, Esquire<br>Matthew Segal, Esquire<br>Jessica Lewis, Esquire<br>Daniel Louis McFadden, Esquire<br>William C. Newman, Esquire<br>Somil Trivedi, Pro Hac Vice Attorney - Withdrawn |
| **Meredith Ryan**<br>Petitioner | Martin M. Fantozzi, Esquire<br>Matthew Horvitz, Esquire<br>Abigail Fletes, Esquire<br>Matthew Segal, Esquire<br>Jessica Lewis, Esquire<br>Daniel Louis McFadden, Esquire<br>William C. Newman, Esquire<br>Somil Trivedi, Pro Hac Vice Attorney - Withdrawn |
| **Kelly Auer**<br>Petitioner | Martin M. Fantozzi, Esquire<br>Matthew Horvitz, Esquire<br>Abigail Fletes, Esquire<br>Matthew Segal, Esquire<br>Jessica Lewis, Esquire<br>Daniel Louis McFadden, Esquire<br>William C. Newman, Esquire<br>Somil Trivedi, Pro Hac Vice Attorney - Withdrawn |
| **Committee for Public Counsel Services**<br>Petitioner | Rebecca A. Jacobstein, Esquire<br>Mitchell Kosht, Esquire - Withdrawn |
| **Hampden County Lawyers for Justice**<br>Petitioner | Martin M. Fantozzi, Esquire<br>Matthew Horvitz, Esquire<br>Abigail Fletes, Esquire<br>Matthew Segal, Esquire<br>Jessica Lewis, Esquire<br>Daniel Louis McFadden, Esquire |

CPCS Add. 001

| | | William C. Newman, Esquire |
|---|---|---|
| | | Somil Trivedi, Pro Hac Vice Attorney - Withdrawn |
| **District Attorney for Hampden County** | | Katherine E. McMahon, Chief, App. Div. |
| Respondent | | Thomas M. Hoopes, Esquire |
| | | Elizabeth N. Mulvey, Esquire |
| **Somil Trivedi** | | |
| Out-of-state attorney | | |
| **Ezekiel Edwards** | | Ezekiel Edwards, Pro Hac Vice Attorney - Withdrawn |
| Out-of-state attorney | | |
| **Clerk - SJC for the Commonwealth** | | |
| Clerk for Commonwealth | | |

## DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 04/06/2021 | #1 | MOTION to Waive Filing Fee with Certificate of Service filed for Petitioners by Atty. Rebecca Jacobstein. |
| 04/06/2021 | #2 | Petition for Relief Pursuant to G. L. c. 211, § 3 and c. 231A, § 1 filed for Petitioners by Atty. Martin Fantozzi, Atty. Matthew Horvitz, Atty. Abigail Fletes, Atty. Matthew Segal, Atty. Jessica Lewis, Atty. Daniel Louis McFadden, Atty. William Newman, Atty. Rebecca Jacobstein, Atty. Mitchell Kosht, Atty. Somil Trivedi, and Atty. Ezekiel Edwards. |
| 04/06/2021 | #3 | Petitioners' Record Appendix filed by Atty. Martin Fantozzi, Atty. Matthew Horvitz, Atty. Abigail Fletes, Atty. Matthew Segal, Atty. Jessica Lewis, Atty. Daniel Louis McFadden, Atty. William Newman, Atty. Rebecca Jacobstein, Atty. Mitchell Kosht, Atty. Somil Trivedi, and Atty. Ezekiel Edwards. |
| 04/06/2021 | #4 | Certificate of Service for paper #'s 1-3 filed by Atty. Matthew Segal, Atty. Jessica Lewis, Atty. Daniel Louis McFadden, and Atty. William Newman. |
| 04/06/2021 | | Fee Waiver ALLOWED by Judge. (Gaziano, J.) |
| 04/06/2021 | | Docket Note: Justice Gaziano has ordered Respondents to file a written response within thirty days by May 7, 2021 (diaried) |
| 04/09/2021 | #5 | USB Flash Drive containing copy of Petitioners' Record Appendix and R.A. 179 (Booking Video), which is included in the Record Appendix as Exhibit 2 to the Affidavit of Jaime Druzinsky, Esq., filed by Atty. Matt Horvitz. |
| 04/12/2021 | #6 | MOTION for Admission Pro Hac Vice with attachments and Certificate of Service filed by Atty. Jessica Lewis. **(01/25/2022 "Per the within MOTION is ALLOWED without hearing." (Wendlandt, J.))** |
| 04/12/2021 | #7 | MOTION for Admission Pro Hac Vice with attachment and Certificate of Service filed by Atty. Jessica Lewis. **(01/25/2022 "Per the within MOTION is ALLOWED without hearing." (Wendlandt, J.))** |
| 04/12/2021 | #8 | Affidavit of Ezekiel Edwards in Support of Motion for Admission Pro Hac Vice filed by Atty. Jessica Lewis. |
| 04/12/2021 | #9 | Affidavit of Somil Trivedi in Support of Motion for Admission Pro Hac Vice filed by Atty. Jessica Lewis. |
| 04/21/2021 | #10 | Notice of Appearance with Certificate of Service filed for Chris Graham, Jorge Lopez, Meredith Ryan, Kelly Auer, and the Hampden County Lawyers for Justice by Atty. Martin M. Fantozzi. |
| 04/21/2021 | #11 | Notice of Appearance with Certificate of Service filed for Chris Graham, Jorge Lopez, Meredith Ryan, Kelly Auer, and the Hampden County Lawyers for Justice by Atty. Abigail Fletes. |
| 04/21/2021 | #12 | Notice of Appearance with Certificate of Service filed for Chris Graham, Jorge Lopez, Meredith Ryan, Kelly Auer, and the Hampden County Lawyers for Justice by Atty. Matthew Horvitz. |
| 04/21/2021 | #13 | Notice of Appearance with Certificate of Service filed for Chris Graham, Jorge Lopez, Meredith Ryan, Kelly Auer, and the Hampden County Lawyers for Justice by Atty. Daniel McFadden. |
| 04/21/2021 | #14 | Notice of Appearance with Certificate of Service filed for Chris Graham, Jorge Lopez, Meredith Ryan, Kelly Auer, and the Hampden County Lawyers for Justice by Atty. Jessica Lewis. |
| 04/21/2021 | #15 | Notice of Appearance with Certificate of Service filed for Chris Graham, Jorge Lopez, Meredith Ryan, Kelly Auer, and the Hampden County Lawyers for Justice by Atty. Matthew Segal. |
| 04/21/2021 | #16 | Notice of Appearance with Certificate of Service filed for Chris Graham, Jorge Lopez, Meredith Ryan, Kelly Auer, and the Hampden County Lawyers for Justice by Atty. William Newman. |
| 04/29/2021 | #17 | Respondent's Mass R. App. P. 14 (b) MOTION for an Enlargement of Time to File its Response to Petitioners' Petition for Relief Pursuant to G. L. c. 211, § 3 & G. L. c. 231, § 1 with Certificate of Service filed by ADA Katherine McMahon. (4/30/2021: "Per the within, MOTION is ALLOWED WITHOUT HEARING" (Gaziano, J.)) |
| 04/30/2021 | #18 | EMAIL Notice to Counsel/Parties Re: P.# 17 filed. |
| 05/13/2021 | #19 | Letter to Clerk of Court dated May 13, 2021 Re: Letter Motion Seeking Leave to File Amicus Curiae Letter in Support of Petitioners from Mary B. McCord, Executive Director and Visiting Professor of Law Institute for Constitutional Advocacy and Protection Georgetown University Law Center, filed. |
| 05/13/2021 | #20 | Letter to Justice Gaziano dated May 13, 2021 from Mary B. McCord, Mary B. McCord, Executive Director and Visiting Professor of Law Institute for Constitutional Advocacy and Protection Georgetown University Law Center, and Darby Beck, Chief Operations Officer The Law Enforcement Action Partnership, filed. |

CPCS Add. 002

| | | |
|---|---|---|
| 05/20/2021 | #21 | Letter to Amy Stewart, Assistant Clerk, dated May 18, 2021, from Atty. Rebecca Jacobstein, filed. |
| 05/20/2021 | #22 | Petitioner's MOTION for Protective Order Under SJC Rule 1:24 or, in the Alternative, for an Impoundment Order with Affidavit of Counsel filed by Atty. Martin Fantozzi, Atty. Matthew Horvitz, Atty. Abigail Fletes, Atty. Matthew Segal, Atty. Jessica Lewis, Atty. Daniel Louis McFadden, Atty. William Newman, Atty. Rebecca Jacobstein, Atty. Mitchell Kosht, Atty. Somil Trivedi, and Atty. Ezekiel Edwards. |
| 05/20/2021 | #23 | CORRECTED PETITION for RELIEF Pursuant to G. L. c. 211, § 3 and 231A, § 1, filed by Atty. Martin Fantozzi, Atty. Matthew Horvitz, Atty. Abigail Fletes, Atty. Matthew Segal, Atty. Jessica Lewis, Atty. Daniel Louis McFadden, Atty. William Newman, Atty. Rebecca Jacobstein, Atty. Mitchell Kosht, Somil Trivedi, and Ezekiel Edwards. |
| 05/20/2021 | #24 | Petitioners CORRECTED RECORD APPENDIX Petition for Relief Pursuant to G. L. c. 211, § 3 and c. 231A, § 1, filed by Atty. Martin Fantozzi, Atty. Matthew Horvitz, Atty. Abigail Fletes, Atty. Matthew Segal, Atty. Jessica Lewis, Atty. Daniel Louis McFadden, Atty. William Newman, Atty. Rebecca Jacobstein, Atty. Mitchell Kosht, Atty. Somil Trivedi, and Atty. Ezekiel Edwards. |
| 05/20/2021 | #25 | Respondent's Mass. R. App. P. 14(b) MOTION for an Enlargement of Time to File its Response to Petitioners' Petition for Relief Pursuant to G. L. c. 211, § 3 & G. L. c. 231A, §1 with Certificate of Service filed by ADA Katherine McMahon. (5/21/2021: "Per the within MOTION is ALLOWED WITHOUT HEARING." (Gaziano, J.)) |
| 05/20/2021 | #26 | Letter to Amy Stewart, Assistant Clerk, dated May 20, 2021 from Atty. Matthew Segal, filed. |
| 05/20/2021 | #27 | Supplemental Affidavit of Thomas D. O'Connor, Jr., filed by Atty. Matthew Segal. |
| 05/21/2021 | #28 | USB Drive containing Paper #'s 22-26 previously filed via email on May 20, 2021, filed by Atty. Matt Horvitz. |
| 05/21/2021 | #29 | EMAIL Notice to Counsel/Parties Re: P.# 25 filed. |
| 05/21/2021 | #30 | MOTION of the New England Innocence Project, The Innocence Project, Inc., and The Boston College Innocence Program for Leave to File Amicus Submission with Certificate of Service filed by Atty. David Segal, Atty. Nina Morrison, Atty. Sharon Beckman, Atty. Isaac Saidel-Goley and Atty. Amy-Lee Goodman. |
| 05/21/2021 | #31 | The New England Innocence Project, The Innocence Project, Inc., and The Boston College Innocence Program Amici Curiae Submission in Support of the Petitioners with Certificate of Service filed by Atty. David Segal, Atty. Nina Morrison, Atty. Sharon Beckman, Atty. Isaac Saidel-Goley and Atty. Amy-Lee Goodman. |
| 05/28/2021 | #32 | Respondent's Opposition to Petition for Relief Pursuant to G. L. c. 211, § 3 and 231A, § 1 with attachments filed by Atty. Thomas Hoopes and Atty. Elizabeth Mulvey. |
| 05/28/2021 | #33 | (**WITHDRAWN & REPLACED BY PAPER NO. 38**) Respondent's Record Appendix in Opposition to Petition for Relief Pursuant to G. L. c. 211, § 3 and G. L. c. 231A, § 1 filed by Atty. Thomas Hoopes and Atty. Elizabeth Mulvey. (06/03/2021 "Per Email Correspondence, Filing is Withdrawn by Atty. Elizabeth Mulvey.") **(SEE PAPER #38: Respondent's Record Appendix filed 06/03/21)** |
| 05/28/2021 | #34 | Certificate of Service for paper #'s 32 & 33 filed Atty. Thomas Hoopes and Atty. Elizabeth Mulvey. |
| 05/28/2021 | #35 | MOTION of the Springfield Branch of the NAACP, Pioneer Valley Project and Charles Hamilton Houston Institute for Race and Justice at Harvard Law School for Leave to File Amicus Submission filed by Atty. Katherine Naples-Mitchell. |
| 05/28/2021 | #36 | Letter to Justice Gaziano dated May 28, 2021 from Atty. Katherine Naples-Mitchell In Re: Letter of Amici Curiae in Support of Petitioners in Graham v. District Attorney for Hampden County with Certificate of Service, filed. |
| 06/01/2021 | | Under advisement. (Wendlandt, J.) |
| 06/02/2021 | #37 | Petitioner's MOTION for Leave to File Reply Brief with Certificate of Service filed by Atty. Martin Fantozzi, Atty. Matthew Horvitz, Atty. Abigail Fletes, Atty. Matthew Segal, Atty. Jessica Lewis, Atty. Daniel Louis McFadden, Atty. William Newman, Atty. Rebecca Jacobstein, Atty. Mitchell Kosht, Atty. Somil Trivedi, and Atty. Ezekiel Edwards. **(06/03/2021:"Per the within, MOTION is ALLOWED WITHOUT HEARING. (Wendlandt, J.)** |
| 06/03/2021 | #38 | Respondent's Record Appendix in Opposition to Petition for Relief Pursuant to G. L. c. 211, § 3, and c. 231A § 1, filed by Atty. Elizabeth N. Mulvey. |
| 06/03/2021 | #39 | EMAIL Notice to Counsel/Parties Re: P.# 37 filed. |
| 06/11/2021 | #40 | Reply Brief in Support of Petition for Relief Pursuant to G. L. c. 211, § 3 with Certificate of Service filed by Atty. Jessica J. Lewis. |
| 06/16/2021 | | Hearing scheduled for 07/14/2021. |
| 06/16/2021 | #41 | EMAIL Notice to counsel/parties: The Court, Wendlandt, J., has SCHEDULED this matter for a HEARING on WEDNESDAY, JULY 14 at 3:00 p.m. at the Supreme Judicial Court for the County of Suffolk, Courtroom Two, John Adams Courthouse, One Pemberton Square, Boston, Massachusetts. |
| 07/13/2021 | #42 | Petitioners' MOTION to Expand the Record to Include Clarifying Information with Certificate of Service and attachments filed by Atty. Jessica J. Lewis. **(7/14/2021 "Per the within, Motion is ALLOWED, without hearing." (Wendlandt, J.))** |
| 07/14/2021 | | Hearing held before (Wendlandt, J.) |
| 07/14/2021 | | Appearance of Atty. Matthew Segal (ACLU) for Petitioners. |
| 07/14/2021 | | Appearance of Atty. Rebecca A. Jacobstein (CPCS) for Petitioners. |
| 07/14/2021 | | Appearance of ADA Thomas M. Hoopes for District Attorney for Hampden County. |
| 07/14/2021 | | Appearance of ADA Elizabeth N. Mulvey for District Attorney for Hampden County. |

| 07/16/2021 | #43 | INTERIM ORDER: "This matter came before me on a petition for extraordinary relief under G. L. c. 211, § 3. The petitioners assert an entitlement to relief related to alleged misconduct by unnamed members of the Springfield police department (SPD), in light of a Department of Justice (DOJ) report which concludes that, "there is reasonable cause to believe that Narcotics Bureau officers [of the SPD] engaged in a pattern and practice of excessive force in violation of the Fourth Amendment of the United States Constitution." The report states that a review of, inter alia, SPD records for the years 2013 to 2018 unearthed "examples where Narcotics Bureau officers falsified reports to disguise or hide their use of force," and attributes this pattern or practice to "systematic deficiencies in policies, accountability, and training." The petitioners maintain that the office of the district attorney for Hampden County has not disclosed to defendants charged with criminal offenses in Hampden County documents in the control of the SPD that would identify the officers involved, and that the failure to disclose evidence which could be used, inter alia, to impeach those officers when they testify in the defendants' criminal cases violates Mass. R. Crim. P. 14, as well as the defendants' rights to the disclosure of exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). The district attorney asserts in his written response that he has disclosed all exculpatory evidence in his possession, does not know the identities of the unnamed officers mentioned in the DOJ report, and has undertaken multiple efforts to obtain from the SPD and the DOJ the documents upon which the DOJ relied in its report, but that those efforts have yet to produce material results. Documents in the record include letters from the attorney general to the DOJ and the SPD, as well as information about a legal action the district attorney filed in the United States District Court for the District of Massachusetts to obtain this information from the DOJ. At a hearing before me on July 14, 2021, counsel for the district attorney reported that the SPD would comply with the request that it produce the documents underlying the DOJ report, but states that the SPD cannot identify those documents in light of the manner in which the DOJ was provided access to the records of the SPD. More specifically, counsel represented that the DOJ was allowed access to all of the SPD's computer systems, and reached its conclusions based on information therein, as well as on other unidentified sources; the SPD did not deliver any specific documents to the DOJ and is unaware of which, if any, documents evinced evidence of the use of excessive force or falsified reports. Counsel also stated that the SPD recently provided the office of the district attorney with certain documents the SPD believes are related to the specific incidents discussed in the DOJ report; the office of the district attorney is reviewing those to determine if the documents constitute or reveal information required to be disclosed pursuant to Mass. R. Crim. P. 14, or the prosecutor's obligation to provide exculpatory information, and, if so, will provide the information and documents to the petitioners. Counsel also explained that the federal litigation is in its early stages. In light of the representations of the parties at the hearing before me, it is ORDERED that the parties each shall file a report on the status of the identification efforts sixty business days after the date of entry of this order. The office of the district attorney shall include in its report its determination whether the documents provided by the SPD are responsive to its requests for the documents underlying the DOJ report, and, if so, whether documents have not been provided, as far as it is able to determine, for any specific incident described in the DOJ report. The office of the district attorney also shall report on the status of the litigation in the United States District Court." (Wendlandt, J.) |
| 07/16/2021 | #44 | EMAIL Notice to Counsel/Parties Re: P.# 43 filed. |
| 07/22/2021 | #45 | Notice of Withdrawal from representation of the Petitioner Committee for Public Counsel Services filed by Atty. Mitchell Kosht. |
| 09/14/2021 | #46 | Respondent's Status Report with Exhibits A-G filed by Atty. Thomas Hoopes and Atty. Elizabeth N. Mulvey. |
| 09/14/2021 | #47 | Certificate of Service for Paper #46 filed by Atty. Elizabeth N. Mulvey. |
| 09/16/2021 | #48 | Petitioners' Status Report with Certificate of Service and Exhibits A-G filed by Atty. Matthew P. Horvitz. |
| 09/20/2021 | #49 | Petitioners' Supplemental Status Report with Exhibit A and Certificate of Service filed by Atty. Martin Fantozzi, Atty. Matthew Horvitz, Atty. Abigail Fletes, Atty. Matthew Segal, Atty. Jessica Lewis, Atty. Daniel Louis McFadden, Atty. William Newman, Atty. Rebecca Jacobstein, Atty. Somil Trivedi, and Atty. Ezekiel Edwards. |
| 09/24/2021 | #50 | Respondent's Reply to Petitioners' Supplemental Filing September 24, 2021 with Certificate of Service filed by Atty. Thomas Hoopes and Atty. Elizabeth Mulvey. |

CPCS Add. 004

3/15/23, 10:43 AM

Case: 22-1862     Document: 00117988904     Page: 32     Mass Appellate Courts - Public Case Search     Date Filed: 03/22/2023     Entry ID: 6556949

| | | |
|---|---|---|
| 10/08/2021 | #51 | SECOND INTERIM ORDER: "This matter is before me on a petition for extraordinary relief under G. L. c. 211, § 3, concerning alleged misconduct by unnamed members of the Springfield police department (SPD), in light of a Department of Justice (DOJ) report which concludes that, "there is reasonable cause to believe that Narcotics Bureau officers [of the SPD] engaged in a pattern and practice of excessive force in violation of the Fourth Amendment of the United States Constitution" during the years 2013 to 2018. The report states that a review of, inter alia, SPD records for these years unearthed "examples where Narcotics Bureau officers falsified reports to disguise or hide their use of force," and attributes this pattern or practice to "systematic deficiencies in policies, accountability, and training." After a hearing before me on July 14, 2021, an interim order issued on July 16, 2021, requiring the parties to submit status reports within sixty days on the progress of the investigation and the review of documents that, at that point, the assistant district attorney represented recently had been provided to the office of the District Attorney for Hampden County, as well as the status of the litigation in the United States District Court seeking disclosure of documents relevant to the DOJ investigation. The SPD believed that the documents provided were responsive to the specific incidents mentioned in the DOJ report, without identifying information, and the individual officers involved. The parties now have all filed their status reports and associated exhibits. The district attorney's report describes more than 800 pages of documents received from SPD which it has disclosed to CPCS, without making any determination whether the material is exculpatory within the meaning of <u>Brady</u> v. <u>Maryland</u>, 373 U.S. 83 (1963), as the determination was made to err on the side of disclosure. Among other things, the material includes a list of thirty officers who have been identified as potentially involved in the incidents. The district attorney reported that CPCS also has been provided information identifying the cases that the SPD identified where one of those officers testified as a witness in a criminal trial from the date of the reported incident and any time thereafter; notification to each individual defense attorney is in progress.<br>In light of the ongoing efforts to identify and produce the information requested, no action by this court is required at this time. The parties should continue to make reasonable efforts to effectuate disclosure of the information as far as they are able, and should continue to file periodic status reports that detail the specific steps being taken, the progress being made, and any alleged shortcomings in the efforts by either side. After receipt of the parties' submissions, I will assess the need for any further information or a hearing. Accordingly, it is ORDERED that the parties each shall provide their next status reports by the close of business on November 22, 2021. Alternatively, a joint status report may be submitted. Subsequent reports shall be provided every forty-five days thereafter, until further order of this court." (Wendlandt, J.) |
| 10/08/2021 | #52 | EMAIL Notice to Counsel/Parties Re: P.# 51 filed. |
| 11/22/2021 | #53 | Petitioners' Status Report and Request for Status Conference with Certificate of Service and Exhibits 1-9, filed by Atty. Jessica Lewis. |
| 11/22/2021 | #54 | Respondent's Second Interim Status Report filed by Atty. Thomas Hoopes and Atty. Elizabeth N. Mulvey. |
| 12/08/2021 | #55 | THIRD INTERIM ORDER: On October 8, 2021, a second interim order entered in this case requiring that the parties to provide the court every forty-five days with status reports concerning identification and disclosure of information pertaining to alleged misconduct by unnamed members of the Springfield police department (SPD), in light of a July, 2020 Department of Justice (DOJ) report. The parties now have submitted their second status reports. Among other things, those reports describe on-going efforts to identify potentially affected defendants for the purpose of specific disclosures, pending Federal litigation concerning documents related to the DOJ report, and existing Superior Court discovery proceedings relating to petitioner Jorge Lopez's pending criminal charges. Having reviewed the parties' materials, and in view of the ongoing efforts to identify and produce the information, I conclude that no direct immediate action by this court is required at the present time, but that the parties should continue to make reasonable efforts to effectuate disclosure of the information as far as they are able, and should continue to file periodic status reports as described in the Second Interim Order. The parties shall each provide their next periodic status reports no later than February 7, 2022. Further, the parties are also directed to file the following material no later than February 7, 2022: |

1. A joint statement of agreed legal issues and contested material legal issues for this case; and

2. A joint statement of agreed facts and contested material facts for this case.

By February 7, 2022, the parties shall also state their respective positions on the following:

3. Whether there are any other indispensable or desirable parties to this litigation, such as the city of Springfield, the Springfield police department, or the Attorney General;

4. The specific bases for the standing of each petitioner;

5. Whether G. L. c. 231A, § 1, and G. L. c. 211, § 3, are appropriate vehicles by which to seek the relief requested by the petitioners, including whether the issues adequately can be raised in the ordinary process of trial and appeal concerning petitioner Lopez or any other individual defendant;

6. The current status of the city of Springfield's work product claim with respect to the report prepared by Deputy Chief Steven Kent;

7. The district attorney's present protocol, if any, for disclosure of so-called "Brady/Giglio material" to individual defendants relating to the incidents described in the DOJ's 2020 report; and

8. The status of the legal action the district attorney filed in the United States District Court for the District of Massachusetts against the United States Attorney for the District of Massachusetts seeking to obtain materials relevant to the DOJ report and investigation.

CPCS Add. 005

| 12/08/2021 | #56 | EMAIL Notice to Counsel/Parties and Lower Court Re: P.# 55 filed. |
| 01/25/2022 | #57 | Notice of Withdrawal of Appearance on behalf of Petitioners with Certificate of Service filed by Atty. Ezekiel Edwards, (Pro Hac Vice) |
| 02/07/2022 | #58 | Petitioners' Unopposed MOTION to Extend Time to Respond to the Third interim Order by Two Weeks with attached Certificate of Service filed by Atty. Jessica J. Lewis. **(2/8/2022: "Per the within, MOTION is ALLOWED without hearing." (Wendlandt, J.))** |
| 02/07/2022 | | Motion (paper no. 58) Under Advisement. (Wendlandt, J.). |
| 02/08/2022 | #59 | EMAIL Notice to Counsel/Parties and Lower Court Re: P.# 58 filed. |
| 02/22/2022 | #60 | Joint Statement of Agreed Facts and Contested Material Facts filed by Atty. Elizabeth N. Mulvey. |
| 02/22/2022 | #61 | Joint Statement of Legal Issues - Parties' Response to Question 1 of the Third Interim Order filed by Atty. Elizabeth N. Mulvey. |
| 02/22/2022 | #62 | Declaration of Matthew P. Horvitz, filed. |
| 02/22/2022 | #63 | Exhibits to Paper #62, filed. |
| 08/24/2022 | #63.5 | (IMPOUNDED Per G. L. c. 1:15, sec. 1(a)) Exhibit 11 to Paper 63, filed. (SEE PAPER #97) |
| 02/22/2022 | #64 | Exhibit #17: Audio Recording in Docket No. 1979CR143 - Comm. v. Lopez dated 11/23/21, filed. |
| 02/22/2022 | #65 | Respondent's Third Interim Status Report filed by Atty. Elizabeth N. Mulvey. |
| 02/22/2022 | #66 | Certificate of Service for Paper #'s 60-65, filed by Atty. Elizabeth N. Mulvey. |
| 02/22/2022 | #67 | Petitioners' Status Report and Response to Third Interim Order with Certificate of Service filed by Atty. Jessica J. Lewis. |
| 02/22/2022 | #68 | Petitioner CPCS's MOTION to Impound Confidential Client Information with Affidavit of Counsel filed by Atty. Rebecca Jacobstein. **(04/06/2022 "Per the within, Motion is denied, without hearing." (Wendlandt, J.))** |
| 02/22/2022 | #69 | Petitioner's Addendum to Joint Statement of Material Facts and Exhibits 1-15, filed by Atty. Jessica J. Lewis. |
| 02/23/2022 | #70 | Respondent's Opposition to Petitioners' Motion to Impound Addendum with Certificate of Service filed by Atty. Thomas Hoopes and Atty. Elizabeth Mulvey. |
| 03/02/2022 | #71 | Petitioner CPCS's Reply to Respondent's Opposition to the Motion to Impound Confidential Client Information with attached Certificate of Service field by Atty. Rebbecca A. Jacobstein. |
| 03/04/2022 | | Motion (paper nos. 68, 70, 71) Under Advisement. (Wendlandt, J.). |
| 04/06/2022 | #72 | EMAIL Notice to Counsel/Parties Re: P.# 68 filed. |
| 04/19/2022 | #73 | ORDER OF REFERENCE: "This case came before the court, Wendlandt, J., on a petition for relief pursuant to G. L. c. 211, § 3, and for declaratory relief pursuant to G. L. c. 231A, § 1. Pursuant to the court's Third Interim Order, the parties submitted a "Joint Statement of Agreed Facts and Contested Material Facts" and the "Parties' Response to Question 1 of the Third Interim Order," which required the parties to list the agreed legal issues and contested material legal issues for this case. Because the parties have been unable to agree to all facts necessary to permit the court to decide the issues raised in the petition, or to come to a complete agreement as to the legal issues that must be decided, it is hereby ORDERED that the Honorable Judith Fabricant (ret.) is appointed as a special master in this matter, and the matter is referred to her as provided below. The proceedings may be conducted remotely, at the discretion of the special master. The parties shall provide the special master with a copy, both on paper and in electronic form, of the materials that have been filed in this matter within five business days of the entry of this order. The special master shall determine which relevant facts have been agreed to by the parties. The special master shall make any and all findings of fact and credibility determinations, beyond the facts agreed to by the parties, that she deems necessary and relevant to resolution of the legal issues raised by the petitioners in their petition, the legal issues raised by the respondents in their opposition to the petition, the legal issues that the parties have agreed are raised for this case, and any other legal issues that the special master deems necessary and relevant to resolution of the case. The special master may schedule a hearing or hearings, as she deems necessary; may receive evidence, including, if she deems it appropriate, witness testimony; may, in her sole discretion, invite participation from other stakeholders whom she believes may be necessary or desirable parties; and may take any other steps that she deems appropriate to marshal the evidence and provide a report to this court of her findings of fact, credibility determinations, determinations as to agreed facts, and any recommendations or conclusions of law. The special master shall have and exercise the power to regulate the course of these proceedings and to make relevant evidentiary and other rulings that may be required, as she deems necessary. The parties are directed to make every reasonable effort to assist the special master in the manner she prescribes with this fact-finding process. If necessary, the special master may invoke the assistance of this court to enforce any disputed rulings or orders. The special master shall file a report of her findings and conclusions on or before November 1, 2022, although the special master may request additional time if she finds it necessary to do so." (Wendlandt, J.) |
| 04/19/2022 | | Case status changed to Referred to Special Master. |
| 04/19/2022 | #74 | EMAIL Notice to Counsel/Parties Re: P.# 73 filed. |
| 04/27/2022 | | Status Conference Hearing scheduled for 05/05/2022. |
| 04/27/2022 | #75 | Email Notice to Counsel/Parties: The Court, Special Master Judith Fabricant, J., (ret.) has Scheduled this matter for a hearing on THURSDAY, MAY 5 @ 10:30 A.M. at the Supreme Judicial Court for Suffolk County, Courtroom Two, John Adams Courthouse, One Pemberton Square, Boston, Massachusetts. |

CPCS Add. 006

| | | |
|---|---|---|
| 05/05/2022 | | Appearance of Atty. Matthew Segal for Chris Graham, Jorge Lopez, Meredith Ryan, Kelly Auer, and Hampden County Lawyers for Justice. |
| 05/05/2022 | | Appearance of Atty. Rebecca A. Jacobstein for Committee for Public Counsel Services (CPCS). |
| 05/05/2022 | | Appearance of Atty. Elizabeth N. Mulvey for District Attorney for Hampden County. |
| 05/05/2022 | | Appearance of Atty. Thomas M. Hoopes for District Attorney for Hampden County. |
| 05/05/2022 | | Hearing held before Honorable Judith Fabricant (ret.). |
| 05/05/2022 | #76 | SCHEDULING ORDER: "This matter came before the Special Master, the Honorable Fabricant (ret.), pursuant to the Order of Reference issued by the Court (Wendlandt, J.) on April 19, 2022, concerning the petitioners' petition for relief pursuant to G.L. c. 211, § 3, and for declaratory relief pursuant to G.L. c. 231A, § 1. A status conference was held today attended by counsel for the parties. Upon consideration thereof, it is hereby ORDERED that the petitioners shall file with the Court proposed findings of subsidiary facts in support of the four contested material legal issues identified in the previously filed Parties' Response to Question 1 of the Third Interim Order (paper no. 61) by Thursday, May 26, 2022. The respondent shall file with the Court its response to the petitioners' proposed findings of subsidiary facts and any additional proposed findings of subsidiary facts in support of the four contested material legal issues by Thursday, June 16, 2022. It is FURTHER ORDERED that a status conference is scheduled in this matter for Wednesday, June 22, 2022 at 10:30 AM at the Supreme Judicial Court for Suffolk County, Courtroom Two, John Adams Courthouse, One Pemberton Square, Boston, MA." ((Special Master Judith Fabricant, J. (ret.)) |
| 05/05/2022 | #77 | EMAIL Notice to Counsel/Parties and Lower Court Re: P.# 76 filed. |
| 05/05/2022 | | Status conference scheduled for June 22, 2022 at 10:30 AM at the Supreme Judicial Court for Suffolk County, Courtroom Two, John Adams Courthouse, One Pemberton Square, Boston, MA |
| 05/26/2022 | #78 | Petitioners' Proposed Findings of Subsidiary Facts with attached Certificate of Service, filed by Atty. Matthew P. Horvitz. (SEE PAPER #81) |
| 05/26/2022 | #79 | Supplemental Declaration of Matthew P. Horvitz, filed. |
| 05/26/2022 | #80 | Exhibits 29-42 to Paper #79, filed by Atty. Matthew P. Horvitz. |
| 05/27/2022 | #81 | Corrected Petitioners' Proposed Findings of Subsidiary Facts with attached Certificate of Service, filed by Atty. Matthew P. Horvitz. |
| 06/16/2022 | #82 | Letter with attachments to Amy Stewart, Assistant Clerk from Atty. Jessica Lewis saying "Petitioners write to inform the Court that on June 1, 2022, the Hampden County Superior Court accepted Petitioner Jorge Lopez's guilty pleas in criminal docket numbers 1979CR00143 and 1979CR00307. ... For the Court's reference, we have attached the docket sheets in these matters." filed |
| 06/16/2022 | #83 | Respondent's Proposed Subsidiary Material Facts with Supplemental Affidavit of Jennifer N. Fitzgerald, Exhibits 1-7 and Certificate of Service filed by Atty. Elizabeth Mulvey. |
| 06/22/2022 | #84 | SECOND SCHEDULING ORDER: "This matter came before the Special Master, the Honorable Fabricant (ret.), pursuant to the Order of Reference issued by the Court (Wendlandt, J.) on April 19, 2022, concerning the petitioners' petition for relief pursuant to G.L. c. 211, § 3, and for declaratory relief pursuant to G.L. c. 231A, § 1. A status conference was held today attended by counsel for the parties. Upon consideration thereof, it is hereby ORDERED that the petitioners shall file with the Court their reply to the respondent's proposed findings of subsidiary facts in support of the four contested material legal issues identified in the previously filed Parties' Response to Question 1 of the Third Interim Order (paper no. 61) by Friday, July 15, 2022. It is FURTHER ORDERED that subsequent to July 15, 2022, counsel shall confer in a good faith effort to resolve as many as possible of the remaining disputes of subsidiary fact for purposes of limiting the need for live testimony from witnesses necessary to complete the record. Subsequent to these efforts, the parties shall file a joint list by Wednesday, August 17, 2022, identifying any and all witnesses from whom live testimony continues to be required to complete the record, and the proposed order in which said witnesses will be called to testify. It is FURTHER ORDERED that evidentiary hearings are scheduled in this matter at the Supreme Judicial Court for Suffolk County, Courtroom Two, John Adams Courthouse, One Pemberton Square, Boston, MA, on the following dates and times as needed: Wednesday, August 24, 2022, 10 AM; Tuesday, August 30, 2022, 10 AM; and Wednesday, September 14, 2022, 10 AM. The parties will file trial briefs, including proposed findings of ultimate fact and conclusions of law, by September 14, 2022, and will present closing argument after the completion of evidence on that date." (Special Master Judith Fabricant, J. (ret.)) |
| 06/22/2022 | #85 | eNotice to Counsel/Parties Re: P.# 84 filed. |
| 06/22/2022 | | (CANCELLED) Evidentiary Hearing scheduled on 08/24/2022 at 10:00 AM in Courtroom 2, Second Floor before Special Master Judith Fabricant, J. (ret.). |
| 06/22/2022 | | (CANCELLED) Evidentiary Hearing scheduled on 08/30/2022 at 10:00 AM in Courtroom 2, Second Floor before Special Master Judith Fabricant, J. (ret.). |
| 06/22/2022 | | **Evidentiary Hearing scheduled on 09/14/2022 at 10:00 AM in Courtroom 2, Second Floor before Special Master Judith Fabricant, J. (ret.).** |
| 07/15/2022 | #86 | Petitioners' Proposed Findings of Subsidiary Facts, Respondent's Responses and Proposed Findings of Subsidiary Facts, and Petitioners' Reply to Respondent's Proposed Findings of Subsidiary Facts, filed by Atty. Jessica J. Lewis. |
| 07/15/2022 | #87 | Declaration of Jessica Lewis with Exhibits 1-7, 9-10, and 12-28, filed by Atty. Jessica J. Lewis. |
| 07/15/2022 | #88 | Exhibits 8 and 11 to Paper #87, filed by Atty. Jessica J. Lewis. |
| 07/15/2022 | #89 | Certificate of Service for Paper #'s 86-88, filed by Atty. Jessica J. Lewis. |

CPCS Add. 007

| | | |
|---|---|---|
| 07/29/2022 | #90 | Petitioner's List of Hampden County Cases Potentially Involving the Non-Disclosure of Exculpatory Evidence, filed |
| 07/29/2022 | #91 | Petitioner's List of Exhibits Included in the Record Indexed by Topic, filed. |
| 07/29/2022 | #92 | Cases Involving a Nolle Prosequi Filed After Potential Misconduct by Police Officers, filed by Petitioner's. |
| 07/29/2022 | #93 | Petitioner's List of Exhibits Included in the Record Indexed Alphabetically, filed. |
| 08/12/2022 | #94 | Transcript of proceedings, **Commonwealth v. Jonathan Santiago** from Hampden County Superior Court, Docket No. 1779CR00376, Final Ruling in Motion to Suppress Hearing Before the Honorable Constance Sweeney, dated Tuesday, August 28, 2018, filed by Atty. Rebecca Jacobstein. |
| 08/12/2022 | #95 | Transcript of proceedings, **Commonwealth v. Roberto Perez** from Hampden County Superior Court, Docket No. 1923CR353, Dangerousness Hearing, Day Two Before the Honorable Charles Groce, III, dated February 7, 2019, filed by Atty. Rebecca Jacobstein. |
| 08/17/2022 | #96 | Joint Witness List with Certificate of Service filed for Respondent by Atty. Thomas Hoopes and Atty. Elizabeth Mulvey. |
| 08/23/2022 | | Video hearing held before the Honorable Judith Fabricant (ret.) |
| 08/23/2022 | | Video Appearance of Atty. Matthew Segal for Petitioner's Graham, Lopez, Ryan and Auer. |
| 08/23/2022 | | Video Appearance of Atty. Rebecca A. Jacobstein for Petitioner Committee for Public Counsel. |
| 08/23/2022 | | Video Appearance of Atty Jessica Lewis for Petitioner's Graham, Lopez, Ryan and Auer. |
| 08/23/2022 | | Video Appearance of Atty. Elizabeth N. Mulvey for Respondent District Attorney for Hampden County. |
| 08/23/2022 | | Video Appearance of Atty. Thomas M. Hoopes for Respondent District Attorney for Hampden County. |
| 08/24/2022 | #97 | Petitioner's MOTION to Impound Exhibit 11 of the Declaration of M. Horvitz with Affidavit of Counsel and Certificate of Service filed by Atty. Jessica Lewis. (September 13, 2022 - Per the within motion to impound is allowed without hearing. By the Court (Special Master Judith Fabricant, J. (Ret.)). |
| 08/30/2022 | | Evidentiary Hearing scheduled on 09/09/2022 at 10:00 AM in Courtroom 2, Second Floor before Special Master Judith Fabricant, J. (ret.). |
| 08/30/2022 | | Evidentiary Hearing scheduled on 09/15/2022 at 10:00 AM in Courtroom 2, Second Floor before Special Master Judith Fabricant, J. (ret.). |
| 09/09/2022 | | Hearing held before (Fabricant, J. (Ret.)) |
| 09/09/2022 | | Appearance of Attorneys Matthew Horvitz, Matthew Segal, Rebecca A. Jacobstein for the petitioners and appearance of Attorneys Thomas Hoopes and Elizabeth Mulvey for the respondent at Sept. 9, 2022 evidentiary hearing before Special Master Judith Fabricant, J. (Ret.). |
| 09/13/2022 | #98 | eNotice to Counsel/Parties and Lower Court Re: P.# 97 filed. |
| 09/14/2022 | | Hearing held before (Fabricant, J. (Ret.)) |
| 09/14/2022 | | Appearance of Attorneys Daniel McFadden, Matthew Horvitz, Matthew Segal, Rebecca A. Jacobstein for the petitioners and appearance of Attorneys Thomas Hoopes and Elizabeth Mulvey for the respondent at Sept. 14, 2022 evidentiary hearing before Special Master Judith Fabricant, J. (Ret.). |
| 09/15/2022 | | Hearing held before (Fabricant, J. (Ret.)) |
| 09/15/2022 | | Appearance of Attorneys Matthew Horvitz, Matthew Segal, Rebecca A. Jacobstein for the petitioners and appearance of Attorneys Thomas Hoopes and Elizabeth Mulvey for the respondent at Sept. 15, 2022 evidentiary hearing before Special Master Judith Fabricant, J. (Ret.). |
| 09/16/2022 | | Evidentiary Hearing scheduled on 09/21/2022 at 9:00 AM in Courtroom 2, Second Floor before Special Master Judith Fabricant J. (Ret.)) |
| 09/16/2022 | #99 | eNotice to Counsel and Parties Re. Evidentiary Hearing scheduled on Wednesday, September 21, 2022 at 9:00 am in Courtroom 2. |
| 09/19/2022 | #100 | Stipulated "Selected Respondent Hearing Exhibits" entered as evidence at Sept. 9, 2022 evidentiary hearing before Special Master Judith Fabricant, J. (Ret.)., filed. Includes tab A5 Cooper-Griffith Booking Video and tab A10 Williams 911 Call, filed by Atty. Liv Mulvey and Atty. Tom Hoopes. |
| 09/21/2022 | | Evidentiary Hearing held before (Fabricant, J. (Ret.)) |
| 09/21/2022 | | Appearance of Attorneys Matthew Horvitz, Matthew Segal, Rebecca A. Jacobstein for the Petitioners and appearance of Attorneys Thomas Hoopes and Elizabeth Mulvey for the Respondent at September 21, 2022 evidentiary hearing before Special Master Judith Fabricant, J. (Ret.). |
| 09/26/2022 | | Evidentiary Hearing scheduled on 09/28/2022 at 9:00 AM in Remote Video Conference/Hearing - Closing Augments for Evidentiary Hearing before (Fabricant, J. (ret.)) Amy Stewart, Assistant Clerk is inviting you to a scheduled ZoomGov meeting.<br>Join ZoomGov Meeting https://www.zoomgov.com/j/1612850410?pwd=aGNTOFISencrbnhDM1dZUkxSbE51dz09<br>Meeting ID: 161 285 0410<br>Passcode: 260709<br>Dial by your location<br>1 646 828 7666 US (New York) |

CPCS Add. 008

| 09/26/2022 | #101 | eNotice to Counsel/Parties Re: Zoom Hearing scheduled for Wednesday, September 28, 2022 at 9:00 am before (Fabricant, J., (ret.) |
| 09/28/2022 | | Evidentiary Hearing held via Zoom before (Fabricant, J, (Ret.)) |
| 09/28/2022 | | Appearance of Attorneys Matthew Horvitz, Matthew Segal, Rebecca A. Jacobstein for the Petitioners and appearance of Attorneys Thomas Hoopes and Elizabeth Mulvey for the Respondent at September 28, 2022 evidentiary hearing via Zoom before Special Master Judith Fabricant, J. (Ret.). |
| 09/29/2022 | #102 | Stipulated and Redacted "Selected Respondent Hearing Exhibits" entered as evidence at September 14, 15, 21, 2022 Evidentiary Hearing before Special Master Judith Fabricant, J. (ret.)., filed by Atty. Liv Mulvey and Atty. Tom Hoopes. |
| 10/07/2022 | #103 | Letter dated October 7, 2022 to Special Master Fabricant from Atty. Rebecca Jacobstein and Atty. Matthew Segal, filed. |
| 10/07/2022 | #104 | Stipulated "Selected Petitioners' Hearing Exhibits" entered as evidence at September 9, 14, 15, and 21, 2022 Evidentiary Hearing before Special Master Judith Fabricant, J. (ret.) filed by Atty. Rebecca Jacobstein and Atty. Matthew Segal. |
| 10/07/2022 | #105 | Transcripts of Hearings entered at September 9, 14, 15, and 21, 2022 Evidentiary Hearing before Special Master Judith Fabricant, J. (ret.), filed by Atty. Rebecca Jacobstein and Atty. Matthew Segal. |
| 10/17/2022 | #106 | Letter dated October 17, 2022 to Special Master Fabricant in response to Paper 103, filed by Atty. Elizabeth Mulvey |
| 10/18/2022 | #107 | ORDER REGARDING EXHIBITS: "An exchange of correspondence between counsel dated October 7 and October 17, 2022, raises issues regarding whether two exhibits that were proffered during the evidentiary hearings on this matter should be accepted as part of the record: (1) a print-out of an on-line article from MassLive, bearing the date of February 3, 2017, and (2) an audio file of telephone communications with the Springfield Police Department dispatcher relating to Mr. Graham's case. I rule that both these items are admitted as part of the record. My findings regarding the topics they relate to appear in my report of this date." (Special Master Judith Fabricant, J., (ret.)) |
| 10/18/2022 | #108 | eNotice to Counsel/Parties Re: P.# 107 filed. |
| 10/18/2022 | #109 | REPORT OF SPECIAL MASTER: as on file. (Fabricant, J., (ret.)) |
| 10/18/2022 | #110 | eNotice to Counsel/Parties Re: P.# 109 filed. |
| 10/18/2022 | | Under advisement. (Wendlandt, J.). |
| 10/19/2022 | #111 | Letter dated October 19, 2022 to Justice Wendlandt filed for Petitioner's by Atty. Rebecca Jacobstein and Atty. Matthew Segal, filed. |
| 11/17/2022 | #112 | Petitioners' Objections to Report of Special Master with Certificate of Service and Exhibits A-C filed by Atty. Rebecca Jacobstein, Atty. Matthew Segal and Atty. Jessica Lewis. |
| 11/17/2022 | #113 | Notice of Withdrawal of Appearance filed by Atty. Somil B. Trevedi, Pro Hac Vice, filed by Atty. Jessica Lewis. |
| 11/17/2022 | #114 | Certificate of Service of paper #113 filed by Atty. Jessica Lewis. |
| 12/13/2022 | #115 | Notice of Change of Firm Name and Email Addresses for Respondents Counsel filed by Atty. Thomas Hoopes and Atty. Elizebeth Mulvey. |
| 12/14/2022 | #116 | ORDER FOR STATUS HEARING: (Wendlandt, J.) |
| 12/15/2022 | | Status Hearing scheduled on 01/27/2023 at 10:00 AM in Courtroom 2, Second Floor before (Wendlandt, J.) |
| 12/15/2022 | #117 | eNotice to Counsel/Parties Re: P.# 116 filed. |
| 01/24/2023 | #118 | Respondent's Response to Petitioner's Objections to Report of Special Master with Certificate of Service filed by Attorney Elizabeth N. Mulvey. |
| 01/27/2023 | | Hearing held before (Wendlandt, J.) |
| 01/27/2023 | #119 | Appearance of Atty Elizabeth N. Mulvey for Respondent, District Attorney for Hampden County. |
| 01/27/2023 | #120 | Appearance of Atty Thomas M. Hoopes for Respondent, District Attorney for Hampden County. |
| 01/27/2023 | #121 | Appearance of Atty Rebecca A. Jacobson for Petitioner, Committee for Public Counsel. |
| 01/27/2023 | #122 | Appearance of Atty Matthew Segal for Petitioner, Kelley Auer.. |

CPCS Add. 009

3/15/23, 10:43 AM          Mass Appellate Courts - Public Case Search

Case: 22-1862    Document: 00117988904    Mass Appellate Courts - Public Case Search    Page: 37    Date Filed: 03/22/2023    Entry ID: 6556949

| 01/30/2023 | #123 | Memorandum of Decision and Report: "This case came before the court, Wendlandt, J., on a petition for relief pursuant to G. L. c. 211, § 3, and for declaratory relief pursuant to G. L. c. 231A, § 1. Pursuant to the court's Third Interim Order, the parties submitted a "Joint Statement of Agreed Facts and Contested Material Facts" and the "Parties' Response to Question 1 of the Third Interim Order," which required the parties to list the agreed legal issues and contested material legal issues for this case. Because the parties were unable to agree to all facts necessary to permit the court to decide the issues raised in the petition, as amended, or to come to a complete agreement as to the legal issues that must be decided, I appointed the Honorable Judith Fabricant (ret.) as a special master. I referred the matter to her to determine which, if any, relevant facts were agreed to by the parties; to hold a hearing or hearings, as necessary; to make any and all findings of fact and credibility determinations, beyond the facts agreed to by the parties, that she deemed necessary and relevant to resolution of the legal issues raised by the petitioners in their petition, as amended, the legal issues raised by the respondent in its opposition to the petition, the legal issues that the parties have agreed are raised for this case, and any other legal issues that the special master deemed necessary and relevant to resolution of the case; and to report to the court her findings of fact, credibility determinations, determinations as to agreed facts, and any recommendations or conclusions of law. The Special Master has now filed her Report of Special Master, dated October 18, 2022; stipulated and redacted exhibits entered in evidence at the hearings before the special master and transcripts of those hearings also were filed (collectively, Report). After reviewing the filings, the Report, the petitioner's objections to the Report, and the respondent's opposition to the objections, I held a hearing for the principal purpose of identifying whether there were any further areas of agreement. Ultimately, after review of the record, and in light of the extraordinary, declaratory, and equitable relief requested by the plaintiffs, the issues presented and the facts found in the Report, I conclude this is a matter best decided by the full court. I therefore exercise my discretion to reserve and report this matter. The record before the full court shall include all pleadings, the Report, the petitioners' objections to the Report, the respondent's opposition to the objections, and all other documents and materials filed in the county court in this case, as well as the docket sheet for SJ-2021-129, and this reservation and report. In their briefs, the parties shall address the following issues, which were identified in the parties' Joint Statement of Contested Material Legal Issues: 1. Has the July 2020 Department of Justice Report, together with other evidence of misconduct by the Springfield Police Department, triggered the Commonwealth's duty to investigate and, if so, what does that duty entail? 2. When a police department has been alleged by an investigating agency to have engaged in a "pattern or practice" of misconduct, what evidentiary disclosures must a State prosecutor make in order to satisfy the duty to "learn of and disclose to a defendant any exculpatory evidence that is 'held by agents of the prosecution team'" in matters involving that police department? See Matter of a Grand Jury Investigation, 485 Mass. 641 (2020); Commonwealth v. Cotto, 471 Mass. 97, 112 (2015). 3. What obligations does the prosecution have when a police department declines to turn over exculpatory evidence concerning police officers who are members of prosecution teams? 4. Do each of the petitioners have standing to bring this case and invoke the court's superintendence power? The petitioners are designated as the appellants. The parties shall confer with the Clerk of the Supreme Judicial Court for the Commonwealth to determine a briefing schedule. This matter shall proceed in all respects in conformance with the Massachusetts Rules of Appellate Procedure." (Wendlandt, J.) |
| 01/30/2023 | #124 | Notice of assembly of the record. |
| 01/30/2023 | #125 | eNotice to Counsel/Parties Re: P.#'s 123 and 124 filed. |
| 01/31/2023 | #126 | Letter from SJC for the Commonwealth saying...NOTICE OF ENTRY<br>Pursuant to Mass. R. A. P. 10(a)(3), you are hereby notified that, on January 30, 2023, the above-referenced case was entered on the docket of this court. |

As of 02/01/2023 10:25am

CPCS Add. 010

**COMMONWEALTH OF MASSACHUSETTS**

**SUPREME JUDICIAL COURT**

Suffolk, ss.                                                No. SJ-2021-0129

**COMMITTEE FOR PUBLIC COUNSEL SERVICES,**
**HAMPDEN COUNTY LAWYERS FOR JUSTICE,**
**CHRIS GRAHAM, JORGE LOPEZ, MEREDITH RYAN, and KELLY AUER,**

Petitioners,

v.

**DISTRICT ATTORNEY FOR HAMPDEN COUNTY,**

Respondent

**REPORT OF SPECIAL MASTER**

Within days after issuance of the DOJ Report, the DAO sent it to CPCS and HCLJ, and embarked on a series of communications, by telephone and letter, with DOJ and the US Attorney's office seeking information underlying the report.

On August 6, 2020, ACLUM wrote to the DAO, citing the DOJ Report along with "longstanding concerns about, and reports of, pervasive misconduct among SPD officers."  The August 6 letter characterized the DAO's previous responses to the public records requests as "remarkable," "rais[ing] serious questions about whether your office's response to this situation is adequate as a matter of law."  The letter asserted that "your office has access to the same information made available to the DOJ," that other DAs "commonly maintain *Brady* lists . . . and routinely make broad disclosures," and that "the Commonwealth is duty-bound to investigate [the] misconduct [described in the DOJ Report], including the extent of the misconduct, and disclose it to defendants in both pending and closed cases."  The letter posed a series of questions relating to the DAO's actions in response to the DOJ report, and more generally to the DAO's disclosure practices.

The DAO responded by producing copies of correspondence showing its efforts to obtain the information underlying the DOJ report.  In letters dated August 19, 2020, to the United States Attorney and the DOJ, the DAO requested all reports and related materials referred to in the DOJ Report as showing inconsistency, falsehood, or use of excessive force.  The DAO's letter cited the DAO's obligations of disclosure to defendants in pending and post-conviction cases.  The letter summarized previous telephone communications between the offices beginning days after the release of the Report, in which the DAO repeatedly requested these materials, and the federal officials repeatedly refused to provide them.  United States Attorney Andrew E. Lelling responded, by letter dated October 29, 2020, declining to provide any materials, stating that the

credible," and the like.  This kind of language does not express a conclusion that a witness has

lied, and does not bear on the credibility of the witness in other matters.

On rare occasions, a judge concludes, and states, that a police witness has intentionally,

deliberately, given false testimony.  Findings of that nature should be tracked and disclosed, no

matter the nature of the proceeding or the DAO's agreement or disagreement.  Such findings

may or may not be admissible in evidence to impeach the witness in unrelated matters; that is a

question for the judge in such future matters.  Such findings should be disclosed so that defense

counsel has the opportunity to make that effort, and the future judge has the opportunity to rule.

I recognize that this standard means that every police officer's career is on the line every time the

officer testifies before any judge.  That result, in my view, is inherent in the serious

responsibility each police officer accepts in taking on the role.

The evidence also establishes that, until recently, the DAO did not have any formal

policy regarding disclosures of exculpatory information,[42] any established mechanism for

training and supervising prosecutors on the topic, or a fully developed database to track and

compile information.  The DAO has made substantial progress in each of these areas.  Its

disclosure policy adopted in August of 2022 is largely, although not entirely, consistent with the

proposed revised Rule 14 this Court has published for comment.  The main difference I note,

aside from the much greater level of detail in the proposed rule, is that the proposed rule, unlike

the DAO policy, requires the prosecutor to inquire of members of the prosecution team in each

case, including police witnesses, as to the existence of exculpatory information, including

---

[42] The evidence includes a one-page excerpt from a manual compiled by the Massachusetts
District Attorneys Association at some unidentified time before the events in issue here.
Apparently this document received some degree of distribution within the DAO, but was never
officially adopted as its policy.

### SUPREME JUDICIAL COURT
#### for the Commonwealth
#### Case Docket

---

### CHRIS GRAHAM and others vs. DISTRICT ATTORNEY FOR HAMPDEN COUNTY
### THIS CASE CONTAINS IMPOUNDED MATERIAL OR PID
### SJC-13386

---

### CASE HEADER

| | | | |
|---|---|---|---|
| **Case Status** | No briefs yet filed | **Status Date** | 01/30/2023 |
| **Nature** | Superintendence, c211, s3 | **Entry Date** | 01/30/2023 |
| **Appellant** | Plaintiff | **Case Type** | Civil |
| **Brief Status** | Awaiting blue brief | **Brief Due** | 03/13/2023 |
| **Quorum** | | | |
| **Argued Date** | | **Decision Date** | |
| **AC/SJ Number** | SJ-2021-0129 | **Citation** | |
| **DAR/FAR Number** | | **Lower Ct Number** | SJ-2021-0129 |
| **Lower Court** | SJC for Suffolk County | **Lower Ct Judge** | Dalila Argaez Wendlandt, J. |
| **Route to SJC** | Direct Entry: Single Justice Reservation & Report | | |

---

| INVOLVED PARTY | ATTORNEY APPEARANCE |
|---|---|
| **Chris Graham**<br>Petitioner/Appellant<br>Awaiting blue brief<br>Due 03/13/2023 | Martin M. Fantozzi, Esquire<br>Matthew Horvitz, Esquire<br>Abigail Fletes, Esquire<br>Matthew Segal, Esquire<br>Jessica Lewis, Esquire<br>Daniel Louis McFadden, Esquire<br>William C. Newman, Esquire<br>Somil Trivedi, Pro Hac Vice Attorney - Withdrawn<br>Mary Brown, Esquire |
| **Jorge Lopez**<br>Petitioner/Appellant<br>Awaiting blue brief<br>Due 03/13/2023 | Martin M. Fantozzi, Esquire<br>Matthew Horvitz, Esquire<br>Abigail Fletes, Esquire<br>Matthew Segal, Esquire<br>Jessica Lewis, Esquire<br>Daniel Louis McFadden, Esquire<br>William C. Newman, Esquire<br>Somil Trivedi, Pro Hac Vice Attorney - Withdrawn<br>Mary Brown, Esquire |
| **Meredith Ryan**<br>Petitioner/Appellant<br>Awaiting blue brief<br>Due 03/13/2023 | Martin M. Fantozzi, Esquire<br>Matthew Horvitz, Esquire<br>Abigail Fletes, Esquire<br>Matthew Segal, Esquire<br>Jessica Lewis, Esquire<br>Daniel Louis McFadden, Esquire<br>William C. Newman, Esquire<br>Somil Trivedi, Pro Hac Vice Attorney - Withdrawn<br>Mary Brown, Esquire |
| **Kelly Auer**<br>Petitioner/Appellant<br>Awaiting blue brief<br>Due 03/13/2023 | Martin M. Fantozzi, Esquire<br>Matthew Horvitz, Esquire<br>Abigail Fletes, Esquire<br>Matthew Segal, Esquire<br>Jessica Lewis, Esquire<br>Daniel Louis McFadden, Esquire<br>William C. Newman, Esquire<br>Somil Trivedi, Pro Hac Vice Attorney - Withdrawn<br>Mary Brown, Esquire |
| **Committee for Public Counsel Services**<br>Petitioner/Appellant<br>Awaiting blue brief<br>Due 03/13/2023 | Rebecca A. Jacobstein, Esquire<br>Mitchell Kosht, Esquire - Withdrawn |

CPCS Add. 014

**Hampden County Lawyers for Justice**
Petitioner/Appellant
Awaiting blue brief
Due 03/13/2023

Martin M. Fantozzi, Esquire
Matthew Horvitz, Esquire
Abigail Fletes, Esquire
Matthew Segal, Esquire
Jessica Lewis, Esquire
Daniel Louis McFadden, Esquire
William C. Newman, Esquire
Somil Trivedi, Pro Hac Vice Attorney - Withdrawn
Mary Brown, Esquire

**Hampden County District Attorney**
Respondent/Appellee
Awaiting red brief
Due 04/12/2023

Katherine E. McMahon, capp
Thomas M. Hoopes, Esquire
Elizabeth N. Mulvey, Esquire

### DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 01/30/2023 | #1 | Entered. (This matter is opened conditioned upon receipt of the motion to waive filing fee supported by affidavit of indigency or the entry fee of $300.00 payable to Commonwealth of Massachusetts within 10 days.) |
| 02/01/2023 | #2 | ANNOUNCEMENT: The Justices are soliciting amicus briefs. |
| | | Whether the July 2020 report by the Department of Justice, together with other evidence of misconduct by the Springfield Police Department, triggered the Commonwealth's duty to investigate and, if so, what that duty entails. |
| | | When a police department has been alleged by an investigating agency to have engaged in a pattern or practice of misconduct, what evidentiary disclosures a State prosecutor must make in order to satisfy the duty to "learn of and disclose to a defendant any exculpatory evidence that is 'held by agents of the prosecution team'" in matters involving that police department. See Matter of a Grand Jury Investigation, 485 Mass. 641 (2020); Commonwealth v. Cotto, 471 Mass. 97, 112 (2015). |
| | | What obligations the prosecution has when a police department declines to turn over exculpatory evidence concerning police officers who are members of prosecution teams. |
| | | Whether each of the petitioners has standing to bring this case and invoke the court's superintendence power. |
| 02/02/2023 | #3 | Letter of Entry filed for Chris Graham, Jorge Lopez, Meredith Ryan, Kelly Auer, Committee for Public Counsel Services and Hampden County Lawyers for Justice by Attorney Matthew Horvitz. |
| 02/08/2023 | #4 | MOTION to Waive Additional Filing Fee filed for Chris Graham, Jorge Lopez, Meredith Ryan, Kelly Auer, Committee for Public Counsel Services and Hampden County Lawyers for Justice by Attorney Abigail Fletes. (The motion to waive the entry fees for all plaintiffs other than that plaintiff designated in the motion is ALLOWED for the reasons set forth in the motion.) |
| 02/15/2023 | #5 | Appearance filed for Chris Graham, Jorge Lopez, Meredith Ryan, Kelly Auer and Hampden County Lawyers for Justice by Attorney Mary Brown. |
| 03/01/2023 | #6 | Joint Motion for approval of proposed briefing schedule filed for Chris Graham, Jorge Lopez, Meredith Ryan, Kelly Auer and Hampden County Lawyers for Justice by Attorney Matthew Horvitz. (See order on Paper #7) |
| 03/02/2023 | #7 | ORDER: The joint motion is ALLOWED. The appellants' brief is due on or before April 18, 2023. The appellee's brief is due on or before June 19, 2023. The appellants' reply brief is due on or before July 3, 2023. By the Court. |

As of 03/02/2023 4:20pm

CPCS Add. 015

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | | |
| D.R., | ) | |
| | ) | |
|       Plaintiff | ) | |
| v. | ) | |
| | ) | |
| GREGG BIGDA, LUKE COURNOYER, | ) | C.A. No. 3:20-cv-30085-MGM |
| RUPERT DANIEL, | ) | |
| POLICE COMMISSIONER JOHN | ) | |
| R. BARBIERI, and CITY OF SPRINGFIELD, | ) | |
| | ) | |
|       Defendants | ) | |
| _____ | ) | |

## <u>CITY OF SPRINGFIELD'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL</u>

### *I.  Introduction*

NOW COMES the Defendant, the City of Springfield ("City") in the above-entitled

action and hereby respectfully request this Honorable Court deny the motion to compel filed by

the Plaintiff in the above captioned matter.

This action arises out of claims of excessive force at the hands of Springfield Police

Officers that took place on or about February 26, 2016.  Briefly, the Plaintiff was a passenger in

an undercover Springfield police car, that had been stolen on February 26, 2016.  Members of

the Springfield Police Department (SPD) narcotics unit went to Palmer upon learning the stolen

car had been stopped by Wilbraham Police Officers.  The Plaintiff alleges he was subjected to

excessive force both by members of the SPD and was subjected to an illegal interrogation.

Plaintiff filed his Complaint on June 10, 2020.

In April of 2018 the Department of Justice (DOJ) began an investigation into the

practices of the members of the SPD narcotics division.  That investigation and the resulting

1

report included references to the incident which forms the basis of this complaint.  In July, 2020 the City of Springfield received the report from the DOJ.  (Exhibit 1.)  The report concluded that there was probable cause to believe that the members of the SPD narcotics division engaged in a pattern of practice of unconstitutional conduct, including excessive force.

As a result of the receipt of this report City Solicitor Edward Pikula, Chief Legal Officer for the City of Springfield, met with Police Commissioner Cheryl Clapprood, and members of the SPD leadership team, to discuss the report and to determine next steps.  (Affidavit of Edward M. Pikula dated 10/1/2021 attached as Exhibit 2).  The report had referenced various incidents alleged to have occurred and which involved SPD officers.  (Exhibits 1 and 2).  Some of the incidents alleged were readily identifiable, but many were not.  (Exhibit 2.)  Attorney Pikula requested that the SPD review records and the report and attempt to identify dates of incidents, police officers and any other individuals referenced in the DOJ report in order to prepare for the pending "pattern and practice" litigation which DOJ was pursuing against the City.  (Exhibit 2). The purpose of the request was both to determine defense strategies, and to inform the Solicitor's ability to assess and advise the City as the litigation proceeded.  (Exhibit 2).  Attorney Pikula has been actively negotiating a resolution to the DOJ investigation since December of 2020. (Exhibit 2).

Deputy Chief Stephen Kent reviewed departmental records, and generated a report dated October 2, 2020[1].  (Exhibit 2).  The report contained not only factual recitations, but the mental impressions, conclusions and opinions of a local government employee.  (Exhibit 2).

---

[1] This report is referred to as the "Kent Report" by the Plaintiff.

2

On July 2, 2021 Attorney Pikula supplied documents utilized by Deputy Chief Kent to the Hampden County District Attorney's ("HCDA").   (Exhibit 2).  The HCDA requested a copy of the Kent Report.  Attorney Pikula declined to produce the report, and asserted it was his opinion the report is and should be protected from disclosure by the work-product privilege. The Plaintiff, D.R., has now filed the within motion to compel disclosure of the Kent Report.

## II.     Issue Presented

Whether the report at issue should be protected from disclosure in this matter under the work product protection afforded by Rule 26 (b)(3) of the Federal R. Civ. P.

## III.     Argument

Documents are entitled to work product protection if they are "prepared in anticipation of litigation" by a party's attorneys or other representatives. Fed. R. Civ. P. 26(b)(3).  The attorney work-product doctrine was first established in *Hickman v. Taylor*, 329 U.S. 495 (1947), "and focused at the outset on the materials that lawyers typically prepare for the purpose of litigating cases." *U.S. v. Textron Inc. & Subsidiaries*, 577 F.3d 21, 26 (1st Cir. 2009) (en banc). The doctrine is partially codified in Fed. R. Civ. P. 26(b)(3), which protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A).

The First Circuit elaborated on the attorney work-product doctrine in *Textron*, explaining that work-product protection is focused on "materials prepared for use in litigation, whether the litigation was underway or merely anticipated." *Textron*, 577 F.3d at 29. The court continued: "[M]aterials assembled in the ordinary course of business ... or for other nonlitigation purposes

3

are not under the qualified immunity provided by this subdivision." *Id.* at 30 (quoting Fed. R.

Civ. P. 26 advisory committee's note (1970)); *see U.S. ex rel. Wollman v. Mass. Gen. Hosp.,*

*Inc.,* No. CV 15-11890-ADB, 2020 WL 4352915, at **9-10 (D. Mass. July 29, 2020); *Zagklara*

*v. Sprague Energy Corp.*, No. 2:10-cv-445-JAW, 2011 WL 13209818, at *2 (D. Me. Jun. 22,

2011) (holding that materials assembled in the ordinary course of business are not protected,

even if prepared by lawyers and reflecting legal thinking). The First Circuit interprets the

"anticipation of litigation" requirement as a "because of" test, protecting documents "prepared or

obtained because of the prospect of litigation." *Maine v. Dep't of Interior,* 298 F.3d 60, 67-68

(1st Cir. 2002), (*quoting and citing United States v. Adlman,* 134 F.3d 1194, 1202 (2d Cir.

1998)).

   As set out in the affidavit of Attorney Pikula, the Kent report was prepared at the request

of Mr. Pikula as a result of the receipt of a report from the DOJ.  It was anticipated that the DOJ

would be filing a "pattern and practice" case against the City as a result of the conclusions the

DOJ reached at the conclusion of its investigation, as set out in the DOJ report.  (Exhibit 1).

There was no other reason for the Kent report to have been generated.

   Counsel for the Plaintiff operates under a misapprehension relative to the litigation that was

anticipated.  Plaintiff argues that there was no litigation pending or threatened relating directly to

the Kent report.  That, however, is not the standard.  The report was clearly prepared solely to

assist legal counsel in responding to the litigation that the DOJ was likely to bring as a result of

the conclusions in its report.

   Plaintiff also asserts that he should be provided the Kent Report even if this Court

concludes the report is entitled to work product protection.  Plaintiff is apparently arguing he has

a "substantial need for the materials to prepare [his] case and cannot, without undue hardship,

4

obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Fed. R. Civ. P. 26(b)(3)(A)(ii).

First, as noted in the affidavit of Attorney Pikula the Kent report contains conclusions, opinions and legal theories.  Rule 26(b)(3) states that a court "must protect against the disclosure of mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3). Thus, the mental impressions, conclusions, or opinions contained in the Kent report are not discoverable.

Nor can the Plaintiff establish a substantial need for the non-opinion information in the Kent report.  In July of 2021 Attorney Pikula provided to the HCDA documents for 23 incidents referenced in the DOJ report.  (Exhibit 3.)  All of those documents are in the possession of counsel for the Plaintiff.  Where the information is available through other means, the Plaintiff has failed to establish a substantial need, and the work product doctrine should be enforced. *Bryan Corp. v. Chemwerth, Inc*., 296 F.R.D. 31, 42 (D.Mass.,2013), *Colonial Gas Co. v. Aetna Cas. & Sur. Co.,* 139 F.R.D. 269, 275 (D.Mass.1991).

## IV.    Conclusion

For the foregoing reasons, the City of Springfield requests the Plaintiff's motion to compel be DENIED.

5

Respectfully submitted,
The Defendant,
City of Springfield,
By its Attorney,

Dated: October 1, 2021                   /s/ Lisa C. deSousa
                                        Lisa C. deSousa, Esq.,BBO #546115
                                        City of Springfield Law Department
                                        1600 E. Columbus Ave., 2nd Floor
                                        Springfield, MA 01103
                                        Tel:    (413) 886-5205
                                        ldesousa@springfieldcityhall.com

### CERTIFICATE OF SERVICE

I, the undersigned do hereby certify a true copy of the within was this day served upon all parties of record via the Federal Court's ECF Notice and Delivery System. I am unaware of any party who is a non-registered participant and therefore electronic filing is the sole means of this document.

Signed under the pains and penalties of perjury.

Dated:  October 1, 2021                   /s/ Lisa C. deSousa
                                        Lisa C. deSousa, Esq.

6