No. 22-1862

# United States Court of Appeals for the First Circuit

---

ANTHONY D. GULLUNI,
District Attorney for Hampden
County, in his official capacity,
*Plaintiff - Appellant*

v.

JOSHUA S. LEVY
Acting United States Attorney
For the District of Massachusetts,
*Defendant - Appellee*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (CIVIL NO. 21-30058)
(THE HONORABLE NATHANIEL M. GORTON)

---

**REPLY BRIEF OF APPELLANT,
ANTHONY D. GULLUNI,
DISTRICT ATTORNEY FOR HAMPDEN COUNTY**

---

ELIZABETH N. MULVEY
*emulvey@lhbmlegal.com*
THOMAS M. HOOPES
*thoopes@lhbmlegal.com*
LIBBY, HOOPES, BROOKS & MULVEY
P.C. 399 BOYLSTON STREET
BOSTON, MA 02116
TEL.: (617) 338-9300
*Counsel for Anthony D. Gulluni*

# Table of Contents

INTRODUCTION ................................................................................................4

ARGUMENT .......................................................................................................4

    I.    The Government Mischaracterizes the Law
         Enforcement Privilege .....................................................................4

    II.   DOJ Misstates the Applicable Law Regarding *Touhy*
         Regulations .....................................................................................6

    III.  DOJ's Argument that the District Attorney Has Not "Brought
         a Constitutional Claim" Lacks Merit .............................................7

    IV.  The DOJ's June 2, 2023 "Disclosure" is not Responsive
         to the District Attorney's Touhy Request .......................................9

CONCLUSION ..................................................................................................12

## Table of Authorities

**Cases**

*Ass'n for Reduction of Violence v. Hall*,
 734 F.2d 63 (1st Cir. 1984)..................................................................5

*Com. of Puerto Rico v. U.S.*,
 490 F.3d 50 (1st Cir. 2007).........................................................5, 6, 7, 8

*Cabral v. U.S. Dep't of Just.*,
 587 F.3d 13 (1st Cir. 2009)..................................................................5

*In re Anthem, Inc. Data Breach Litig.*,
 236 F. Supp. 3d 150 (D.D.C. 2017)........................................................5

*Matter of a Grand Jury Investigation*,
 485 Mass. 641 (2020)..........................................................................8

*Strickler v. Greene*,
 527 U.S. 263 (1999)............................................................................8

*U.S. v. Tsarnaev*,
 968 F.3d 24 (1st Cir. 2020)...............................................................5, 6

*U.S. v. Lilly*,
 185 F.R.D. 113 (D. Mass. 1999)............................................................6

*U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*,
 489 U.S. 749 (1989)..........................................................................11

**Statutes & Regulations**

5 U.S.C. § 706..........................................................................................4, 8

28 C.F.R. § 16.26....................................................................................6, 7

**Secondary Sources**

*U.S. v. Springfield Police Department and City of Springfield*,
 (DEP'T OF JUST.), https://www.justice.gov/usao-ma/pr/us-v-springfield
 -police-department-and-city-springfield (last visited 6/21/2023)....................9

## INTRODUCTION

Nothing within the Department of Justice's ("DOJ") brief ("DOJ Br.") undermines any of District Attorney Gulluni's arguments that summary judgment in favor of DOJ should be reversed. The DOJ ignores the relevant case law on the law enforcement privilege, completely glossing over District Attorney Gulluni's argument that the mere identification of documents prepared in the ordinary course of business by the SPD does not reveal "sensitive law enforcement techniques." Further, DOJ fundamentally misstates *Touhy* law, effectively arguing that it creates a substantive bar to disclosure. Lastly, DOJ mischaracterizes the law under 5 U.S.C. § 706(2)(B), and argues, for the first time on appeal, that the District Attorney has not "brought a constitutional claim" because he already has access to the same material by virtue of the SPD—without citing any authority for this proposition.

## ARGUMENT

**I.     The Government Mischaracterizes the Law Enforcement Privilege**

DOJ argues that producing the requested documents would "reveal records compiled for law enforcement purposes" but does not even attempt to argue that the disclosure would disclose sensitive law enforcement techniques, procedures, or sources. DOJ Br. at 17. DOJ derives this broad "compiled for law enforcement purposes" language from the *Touhy* regulation itself, which creates no

4

"substantive entitlement to withhold information." *Puerto Rico*, 490 F.3d at 62. Instead, "substantive law concerning privilege" applies. *Id*.

The First Circuit has held that the law enforcement privilege may be asserted "to protect sensitive law enforcement techniques and procedures from disclosure." *Com. of Puerto Rico v. U.S.*, 490 F.3d 50, 54 (1st Cir. 2007); *Cabral v. U.S. Dep't of Just.,* 587 F.3d 13, 23 (1st Cir. 2009) (same). The privilege is intended to protect against disclosure of "documents that would tend to reveal law enforcement investigative techniques or sources." *Ass'n for Reduction of Violence v. Hall*, 734 F.2d 63, 65–66 (1st Cir. 1984). It provides no authority for a refusal to disclose facts. *In re Anthem, Inc. Data Breach Litig.*, 236 F. Supp. 3d 150, 155 (D.D.C. 2017) (law enforcement privilege inapplicable where documents only contained factual information).

"As the party asserting the privilege, the government had the burden of showing that withholding [the requested documents] would achieve the privilege's underlying purpose of not jeopardizing an ongoing investigation." *U.S. v. Tsarnaev,* 968 F.3d 24, 74 (1st Cir. 2020), *rev'd on other grounds*, 142 S. Ct. 1024 (2022). "Because it is a conditional privilege, the Court must balance the public interest in nondisclosure against the need of the particular litigant for access to the privileged information." *U.S. v. Lilly*, 185 F.R.D. 113, 115 (D. Mass. 1999).

The District Attorney simply seeks DOJ's identification of documents prepared in the ordinary course of business—not by DOJ, but by the SPD. DOJ does not (as it cannot) meet its burden of establishing that the disclosure of documents it did not even prepare will reveal its sensitive law enforcement techniques. As a result, DOJ's law enforcement argument fails.

## II. DOJ Misstates the Applicable Law Regarding *Touhy* Regulations

Again, it is axiomatic that "*Touhy* regulations are only procedural, and do not create a substantive entitlement to withhold information." *Puerto Rico*, 490 F.3d at 62. "Compliance with the regulations cannot be a sufficient justification for withholding requested materials." *Id*. The Court's review of the "reasonableness of the agency's decision focuses on the substantive law concerning privilege." *Id*.

DOJ contends that even if the law enforcement and work product privilege do not apply, the District Attorney's arguments would fail because the DOJ's *Touhy* regulations only authorize disclosure "if the U.S. Attorney believes such disclosure to be appropriate under the circumstances." DOJ Br. at 26. This argument fails as a matter of law because compliance with its *Touhy* regulations does not justify its withholding of the requested materials. *Puerto Rico*, 490 F.3d at 62. DOJ's interpretation of the law would ignore the statutory considerations enumerated in 28 C.F.R. § 16.26(b) and allow the U.S. Attorney unfettered

discretion in determining whether disclosure is appropriate. DOJ cannot seriously contend that this result is logical, especially where the First Circuit has held that the "reasonableness of the agency's decision focuses on the substantive law concerning privilege." *Puerto Rico*, 490 F.3d at 62.

Moreover, DOJ argues that 28 C.F.R. § 16.26(c) allows the U.S. Attorney to refuse disclosure if, "in that person's judgment, ... disclosure is unwarranted." DOJ Br. at 26. The plain text of the statute states that it is only relevant "in all cases not involving considerations specified in paragraphs (b)(1) through (b)(6) of this section." 28 C.F.R. § 16.26(c). Indeed, the U.S. Attorney has specifically identified 28 C.F.R. § 16.26(b)(5) (law enforcement privilege) as the basis for withholding disclosure. *See* R.A._0123. Having thus planted its flag in that privilege, the DOJ cannot now create some other ground for its decision.

Accordingly, 28 C.F.R. § 16.26(c) is inapplicable and the reasonableness of the DOJ's decision focuses on the substantive law regarding privilege. Because the requested materials are not protected by the law enforcement or work product privilege, disclosure is required.

### III. DOJ's Argument that the District Attorney Has Not "Brought a Constitutional Claim" Lacks Merit

According to DOJ, "because plaintiff already has access to the exact same material ... plaintiff has not actually 'brought a constitutional claim against the United States.'" DOJ Br. at 20. Unsurprisingly, DOJ cites no authority for the

7

proposition that a constitutional claim hinges on whether the documents are accessible to the requesting party. The District Attorney "has a duty to ***learn*** of any favorable evidence known to the others acting on the government behalf in this case, including the police." *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999) (emphasis added). This includes situations where "a police officer lied to conceal the unlawful use of excessive force." *Matter of a Grand Jury Investigation*, 485 Mass. 641 (2020). This suit seeks to fulfill that obligation.

DOJ claims that it has already combed through over 114,000 documents and identified this exculpatory information. It would create an enormous hardship for the District Attorney to recreate this effort.

Further, not every issue that touches on the constitution is subject to *de novo* review under § 706(2)(B). DOJ incorrectly cites *Puerto Rico*, 490 F.3d 50 as supportive of its argument. It is not. In *Puerto Rico*, the constitutional issue was whether the FBI failing to respond to Puerto Rico's subpoena encroached on "its sovereign authority to investigate and prosecute its criminal laws." *Id*. at 55-56. That issue, while of constitutional dimensions, is not encroaching on a "right, power, privilege, or immunity." *See* 5 U.S.C. § 706(2)(B). To the contrary, the constitutional issue here is whether DOJ withholding exculpatory evidence is directly contrary to constitutional ***rights*** of criminal defendants across Hampden

8

County. Accordingly, DOJ's argument regarding the applicable standard of review fails.

IV. **The DOJ's June 2, 2023 "Disclosure" is not Responsive to the District Attorney's *Touhy* Request**

On June 2, 2023, one week before its brief was due to this Court, the DOJ sent a letter with appendices to Springfield City Solicitor John Payne. DOJ Br. at Supp. Add. 11-16. The DOJ claimed that, "[w]ith the Consent Decree in place and the parties working diligently to implement its terms, we are writing to provide your office with additional information." *Id.* at 11. Passing the fact that the Consent Decree was filed more than a year ago—and less than a week after the DOJ filed its cross-motion for summary judgment, *see U.S. v. Springfield Police Department and City of Springfield*, (DEP'T OF JUST.), https://www.justice.gov/usao-ma/pr/us-v-springfield-police-department-and-city-springfield (last visited 6/21/2023), the letter and its attachments do not respond to the *Tuohy* request that is the subject of this case.

The DOJ's recent letter confirms that Deputy Chief Kent—with no assistance from the DOJ—correctly identified nineteen of the incidents in the DOJ report. *Id*. at 11. Appendix A purports to list the documents associated with those incidents. *Id*. at 13-14. However, the remainder of the letter and Appendices B and C raise more questions than they answer.

The letter references three incidents, denoted 14, 15 and 20, that the SPD was unable to identify. The DOJ claims that Appendix B lists the associated documents—yet that list contains no identifying information about the documents. The crucial information is redacted with ellipses. *Id*. at 15. The result is that the District Attorney has now been informed that there are three additional incidents but refused any identifying information. The letter also describes an additional fourteen incidents, with related documents listed in Appendix C, but provides no way for the District Attorney—or anyone else—to identify the documents. *Id*. at 16.

More importantly, however, the letter provides crucial insight into the DOJ's steadfast refusal to assist a state law enforcement agency to fulfill its constitutional obligation: perhaps the emperor has no clothes. The DOJ letter notes that certain findings were "general," and that the DOJ "has not endeavored to identify particular SPD documents corresponding to these findings." *Id*. at 11-12. The DOJ also included the following puzzling sentences: "Where we identified incidents in which officers deprived people of their rights, we considered whether each incident was part of a pattern or practice of conduct. We did not separately assess whether the officers were individually culpable for those violations." *Id*. at 12.

With each nugget of information revealed by DOJ, it becomes increasingly clear that its report, while scathing and assertive in its language, in fact rests on speculation, inference, and generalizations. The DOJ's leap from a few facts to sweeping accusations may satisfy some political agenda, but it has caused an enormous amount of mistrust and litigation, as various groups attempt to uncover the basis for the DOJ report.[1]

An order compelling the government to respond to the District Attorney's *Tuohy* request will fulfill the laudable goal underlying the Freedom of Information Act process, of promoting "honesty and reduc[ing] waste in government by exposing official conduct to public scrutiny." *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 772 n. 20 (1989). If the DOJ report is founded on concrete evidence of police misconduct, the public, the District Attorney, and Hampden County defendants will benefit from full disclosure. If, on the other hand, the DOJ's work is lacking in factual support, the public deserves to know that as well.

---

[1] Two criminal defendants, two defense attorneys, and two defense organizations have sued the Hampden County District Attorney in the Massachusetts Supreme Judicial Court, claiming that the DOJ report contains exculpatory evidence that must be disclosed to thousands of past and present defendants, and that the District Attorney must repeat and continue the DOJ investigation to uncover the presumed mountain of evidence behind the report. *See* Massachusetts SJ-2021-0129 and SJC 13386.

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's decision granting appellee's Motion for Summary Judgment and denying Appellant's Motion for Summary Judgment.

                Respectfully submitted,

                Appellant ANTHONY D. GULLUNI,
                District Attorney for the Hampden
                County in the Commonwealth of
                Massachusetts,

By:   */s/Elizabeth N. Mulvey*
       Elizabeth N. Mulvey, Esq.
       (Court of Appeals Bar No. 33016)
       Libby, Hoopes, Brooks, & Mulvey P.C.
       260 Franklin Street
       Boston, MA 02110
       (617) 338-9300
       emulvey@lhbmlegal.com

       */s/ Thomas M. Hoopes*
       Thomas M. Hoopes, Esq.
       (Court of Appeals Bar No. 37596)
       Libby, Hoopes, Brooks, & Mulvey P.C.
       260 Franklin Street
       Boston, MA 02110
       (617) 338-9300
       thoopes@lhbmlegal.com

Dated: June 26, 2023

## **CERTIFICATE OF COMPLIANCE PURSUANT TO RULE 32(g)(1)**

I, Elizabeth N. Mulvey, hereby certify that the within documents complies with the requirements for typeface and word count as set forth in FRAP Rule 32. The number of words in the brief is 1,806.

　　　　　　　　　　　　　　　　　　*/s/ Elizabeth N. Mulvey*
　　　　　　　　　　　　　　　　　　Elizabeth N. Mulvey

## **CERTIFICATE OF SERVICE**

I, Elizabeth N. Mulvey, hereby certify that on June 26, 2023, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Thomas E. Kanwit  
Assistant United States Attorney  
John Joseph Moakley U.S. Courthouse  
One Courthouse Way, Suite 9200  
Boston, MA 02210

*/s/ Elizabeth N. Mulvey*  
Elizabeth N. Mulvey